EDWIN B. AYRES, AND ANOTHER, APPELLANTS, v. MARY ANN JACK, RESPONDENT.

SAME v. WILLIAM LEGGITT, RESPONDENT.

PARTITION.—ORAL.—POSSESSION.—An oral partition of lands followed by separate possession according to the partition, vests in the partitioner in possession the legal estate in his share of the land.

SPECIFIC PERFORMANCE.—ADMINISTRATOR.—POSSESSION.—Where a party who was one of the heirs of an estate, of which an oral partition had been made between the heirs of the estate, sells to the administrator of the estate the part given to him by the partition prior to administration upon the estate, for an adequate consideration, and the administrator goes into possession under such sale and fully pays the purchase price, he becomes the equitable owner of the land.

EJECTMENT.—EQUITABLE DEFENSE.—BONA FIDE PURCHASER.—In a case where oral partition had been had between heirs of an estate, and separate possession thereunder, and a contract of sale made by the partitioner in possession and possession by the vendee thereunder, and afterwards a decree of divorce was granted vesting in the vendee's wife the estate in the land of the vendee, and afterwards a deed was made by the partitioner to the appellants, who had notice by the possession of the vendee's wife of her claim; held, in ejectment by appellants with equitable defense and cross-complaint setting

up the above facts, that the estate of the vendee's wife in the land was properly quieted against the appellants.

NOTICE.—BONA FIDE PURCHASER.—RECORD.—Where a party is in the open possession of land which accords with the record title in such party, the possession is notice not only of the facts of record, but of all the claims and rights of the party in possession.

APPEAL from a decree of the district court of the third district and from an order refusing a new trial.

The following facts are necessary to an understanding of the case. In 1864 one Thomas Cope died intestate, leaving surviving him his legal wife, Janet, a legitimate son (not, however, by Janet), Thomas H., an illegitimate son, George, and a polygamous wife, Margaret, the mother of George. He was at the time of his death the owner of four land claims, three lots in the city of Salt Lake and the five-acre lot in question in this suit. The family not agreeing, in 1867, Thomas H. Cope, being then fifteen years old, and George, being then five years old, three men divided the lots, giving to Janet, Margaret and George each a city lot, and to Thomas H. Cope the land in question. Thomas H. Cope was at the time living with Janet upon one of the city lots and so continued for seven years, and the product from the land, which was rented by one Thomas Jack, was given to Janet and Thomas. In 1872 Thomas Jack, the same person who was renting the land, was appointed administrator and duly qualified, and entered into possession of all the land claims, not recognizing the partition. In 1873 the patentee of the United States conveyed to Thomas H. Cope part of the land in question at the direction of Janet. In the same year the grantee of the patentee conveyed to the heirs of the estate of Thomas Cope the rest of the land in question. In the same year the mayor of Salt Lake City conveyed to Thomas Jack, administrator,

two of the three city lots. The other city lot was deeded directly to the polygamous wife, Margaret. Thomas Jack continued as administrator until 1889 without being discharged and without the estate being distributed. In 1874 Thomas H. Cope, by a written contract, sold the land in question to Thomas Jack. Part of the purchase price was to be the building of a house upon one of the city lots for Janet Cope. The court found that in 1879 the purchase price had been fully paid. After that Thomas Jack continued in possession of the land until 1885, when a decree of divorce was granted to his wife, Mary Ann Jack, the respondent, vesting in her all Jack's estate in the land in question. In 1889 the estate of Thomas Cope, including the land in question and the two city lots, were distributed to Thomas H. and Janet Cope as heirs, without recognizing George as an heir, which decision was ultimately reversed by the Supreme Court of the United States. 137 U. S. 687, and see *Cope's Estate, ante.* In 1889, while Mary Ann Jack was in possession, Janet and Thomas H. Cope conveyed to the appellants. The remaining facts are in the opinion. Mary Ann Jack in 1887 conveyed part of the land to William Leggitt.

*Mr. Le Grande Young* and *Messrs. Zane and Putnam,* for the appellants.

*Mr. John A. Marshall* and *Messrs. Williams and Van Cott,* for the respondents.

Blackburn, J.:

This is a suit in ejectment, and on a cross-complaint by the defendant asking to have her title quieted. Decree for defendant quieting her title. The land in controversy was a part of the estate of Thomas Cope, deceased.

There was an oral partition of the estate, and this land was set apart to Thomas H. Cope while he was a minor, and while he lived with his step-mother, Janet Cope. One Thomas Jack was appointed administrator of the estate of Thomas Cope, deceased, and rented the land, and paid the rent to Janet Cope and Thomas H. Cope until September 3, 1874, and after Thomas H. Cope came of full age. He then bought this land of Thomas H. Cope, and paid part of the purchase money, and went into possession as owner. He was, as part of the purchase money, to put up a house for Janet Cope on a lot in Salt Lake City, and pay the balance when it was demanded. The house was put up, and the purchase price fully paid. Jack continued in the possession of the land until, in a suit for divorce, between him and his wife, it was decreed to the defendant, Mary Ann Jack, and she has continued in its actual occupancy until this suit was brought, excepting a part which she sold to one Leggitt. When Leggitt bought he went into immediate possession, and built a house upon his part. Janet Cope knew of the sale to Jack, and said it was all right, and over $200 of the purchase money was spent in building a house upon her own lot. Thomas H. Cope did not make a deed to Jack for the land because, in 1882, the suit for divorce was pending, and he was warned by Jack not to do it.

Plaintiffs claim through a deed made by Janet Cope and Thomas H. Cope and his wife, made April 29, 1889. Defendant claims through an equitable title acquired by paying for the land, and occupying the same under the purchase by her and her husband, through whom she claims, since 1874. We think the evidence fully sustains defendant's equitable title to the land, and her actual occupancy of the land at the time of plaintiffs' purchase was notice to them of all her rights, both legal and equitable, wholly

independent of what the record showed; and when they bought they were informed that they took all the chances of the purchase; and the evidence shows very clearly that they thought they had discovered a defect in defendant's title, and would buy Thomas H. Cope's and Janet Cope's interest at a low price, and make a speculation by their shrewdness in making the discovery. We think, therefore, that the defendant has an equitable title that ought to be protected and enforced, and that plaintiffs, having bought with knowledge of her rights, can take nothing by their deed. In support of these views we cite Pom. Eq. Jur. § 614, and citations. The case is not affected by the fact that Thomas Jack was the administrator of the estate of Thomas Cope, deceased, when he purchased, for Thomas H. Cope was of full age, and knew fully his rights, and got what was considered a fair price for the land at the time. Plaintiffs ought not to complain. They bought $12,000 worth of land, if the title had been good, for $2,500, supposing the parties in possession had a defective title, and it seems they overreached themselves and lost. They should pocket their loss without a murmur. The decree is affirmed.

This opinion disposes also of the case of the *Same Parties Plaintiff* v. *Leggitt*; and in that case the decree is affirmed.

MINER, J., concurred.

ZANE, C. J., having been of counsel, did not participate in this case.