Herron v. Herron.

HERRON v. HERRON.

1. **Estates of Decedents**: ADMINISTRATOR: FIDUCIARY RELATION TO
   CO-TENANT OF INHERITED LAND. Where the real estate of a decedent
   descended in equal shares to his wife and his father, and the wife was
   administratrix of the estate, *held* that she did not on that account hold
   a fiduciary relation to the father, so as to cast suspicion upon a purchase
   by her of the father's interest in the real estate.

2. **Fraud**: IN PURCHASE OF LAND: INADEQUATE CONSIDERATION AS
   EVIDENCE OF. To warrant a court of equity in presuming fraud in the
   purchase of land from the inadequacy of the consideration, and in set-
   ting aside a conveyance on the ground thereof, it must be such as to
   demonstrate some gross imposition or undue influence; and in this case,
   where the consideration paid was only about one-fourth the actual value
   of the land, *held* that this fact, taken with the other facts of the case,
   (for which see opinion) was not sufficient to justify the court in setting
   aside the conveyance.

3. ———: ———: NEGLIGENCE OF COMPLAINANT: RELIEF IN EQUITY.
   It is the province of courts of equity to afford relief to those who
   have been overreached by the artifice or cunning or deceit of others;
   but where a seller of land refuses to resort to sources of information to
   which he is referred by the buyer as to the value of the land, but chooses
   rather to accept the statements of the buyer, he should be held to have
   acted on his own judgment, and no relief should be granted him if it
   turns out that the statements of the buyer were false as to the value of
   the land.

*Appeal from Plymouth Circuit Court.*

WEDNESDAY, MARCH 16.

ACTION in equity for the cancellation of a deed executed

by plaintiff to defendant, by which he conveyed to her his interest in certain real estate, on the ground that the conveyance was obtained by fraud and false representations. The circuit court dismissed the petition, and plaintiff appeals.

*M. B. Kelly, G. W. Argo* and *E. F. Augir,* for appellant.

*Struble, Rishel & Hart,* for appellee.

REED, J.—Plaintiff is the father, and defendant the widow, of John Herron, who died intestate and without issue in April, 1882. At the time of his death, the said John Herron held the title to the real estate in question. Some months after his death, plaintiff, who lived in Ireland, executed a power of attorney, by which he appointed Michael Herron, his son, who also lived in Ireland, his attorney in fact, and empowered him to collect and receive for him any property or interest which had accrued to him, under the laws of Iowa, in the estate of deceased, and to dispose of and give conveyance of the same. Michael came to this country, and entered into a negotiation with defendant, which resulted in the sale to her of his father's interest in all of the real estate of which John died seized, for the consideration of $1,500, which was paid at the time, and executed to her the conveyance which plaintiff seeks in this action to have canceled and set aside. The allegations of fraud in the petition, which are relied on, are that defendant concealed from Michael the true condition of the estate, and the amount of property of which her husband had died seized, and falsely represented that the value of the property did not exceed $3,000, whereas its value was much greater than that, and procured relations and acquaintances of his residing in the vicinity, on whom he had a right to rely for information, to make the same false representations, and that he, being a stranger in the country, and ignorant of its laws and usages, and of the value of the property in the country, relied on the state-

ments made to him, and made the sale and conveyance in the belief induced thereby that he was receiving the fair value of the interest of his principal in the property.

I.  Defendant had been appointed administratrix of the estate of her husband before the transaction in question.  It

1. ESTATES of decedents: administratrix: fiduciary relation to co-tenant of inherited land.

is urged that her position with reference to the estate created a fiduciary relation between the parties; and, as she acquired an interest in the property of the estate in the transaction, it is presumptively fraudulent.  But, clearly, this position is not tenable.  Defendant did not occupy a position of trust or special confidence towards plaintiff.  She did not deal with his attorney in her capacity as administratrix of the estate.  On the death of John Herron, the real estate of which he was seized descended in equal shares to plaintiff and defendant.  Her interest in the property was a personal interest.  In her representative capacity she had no interest whatever.  It was a case of tenants in common dealing with each other with reference to the common estate.  Neither of the parties was charged with the duty of protecting the rights or guarding the interests of the other in the property. They stood upon an equality, and clearly there can be no presumption of unfairness or fraud in the transaction.

II.  It is next urged that the consideration paid by defendant for the conveyance was so grossly inadequate as

2. FRAUD: in purchase of land : inadequate consideration as evidence of.

to raise a presumption of fraud.  There is some conflict in the evidence as to the value of the property, but we think the preponderance of the evidence shows that the value was from $20,000 to $22,000.  Defendant claims that a portion of the property had been purchased with money which belonged to her, and which she had given to her husband for investment. She made this claim at the time of the transaction, and the parties appear to have proceeded on the theory that it was valid.  At least, Michael Herron did not question it; nor did he make any investigation of it, but accepted defendant's

statement as true. She testified on the trial that she furnished the money, and that it was invested in the property, and the title taken in her husband, for reasons of conveyance. Her testimony in this respect is uncontradicted. Indeed, she is corroborated, to some extent, by the testimony of other witnesses. It may be that she is not, under the statute, (Code, § 3639,) a competent witness to the transactions between herself and her husband, although no question as to her competency was made by counsel. But it is not necessary in this proceeding to go into the question whether her claim in that respect is valid. The parties, as we have said, dealt upon the theory that she had a valid claim to some portion of the property on account of moneys advanced by her to her husband, and invested by him in the property, and the transaction has not been attacked on the ground that there was any fraud or mistake as to that claim; and it will be assumed, for the purposes of the case, that her claim in that respect is valid. Deducting that portion of the property, the value of the balance is shown to have been from $12,000 to $14,000; so that in the transaction plaintiff received $1,500 for an interest worth at the time from $6,000 to $7,000. Mere inadequacy of consideration is not a ground for the rescission of an executed contract. Story Eq. Jur. § 245; Kerr, Fraud & M. 186, 187. Cases have arisen, however, in which the inadequacy was so gross as to be regarded as satisfactory evidence of fraud. In such cases, relief is given, not because of the inadequacy of the price paid, but because of the fraud of which it is an evidence. To warrant a court, however, in presuming fraud from the inadequacy of the consideration, it must be such as to demonstaate some gross imposition or undue influence. Story, Eq. § 246. The facts of the present case do not bring it within the rule. The amount received by plaintiff was from one-fourth to one-fifth of the actual value of his interest in the property. The evidence shows, without any conflict, that his attorney thought that his interest would be best served by selling the land. He

was not favorably impressed with the country, and he did not regard it as either desirable or to the interest of his principal to retain the ownership of the property. Plaintiff was nearly eighty years old at the time, and his home was in another country. The presumption from the circumstances is that he preferred to accept the comparatively small amount paid him for the interest, rather than that he was cheated and overreached in the transaction.

III. We come now to the question whether actual fraud by defendant in the transaction is proven. Michael Herron testified that the defendant represented to him, during the negotiations, that the only real estate owned by John at the time of his death was the farm on which she then lived, which, as we understand, is a half section, and another farm of about 150 acres, and that she stated that the value of his father's interest in the property did not exceed $1,500 or $2,000; also that the same statement was made to him by two other persons, one of whom is a relation of his, and the other a nephew of defendant. One of these parties was examined as a witness, and he testified that he had made the statement attributed to him at the request of defendant. We attach but little weight, however, to his testimony. He is positively contradicted by defendant, and his own testimony shows that he has but a low sense of honor. Defendant denied positively that she ever made the statement to Michael which he attributed to her. She also testified that she advised him to take the advice of counsel, and recommended to him one of the attorneys who are appearing for plaintiff, and that she told him that he could acquire accurate information as to the property owned by his brother at the time of his death, at the county recorder's office, and advised him to consult some real estate agent as to the value of the property, but that he declined to make any inquiry on the subject. She also testified that she told him that, rather than pay more than $1,500 for his father's interest, she would permit the matter of the interest

*3. ——: ——: negligence of complainant: relief in equity.*

of the parties and the divison of the property to be taken into the courts for settlement. Her testimony as to these statements is in no manner contradicted; neither is she shown to be unworthy of belief. If it should be conceded, then, that she made the representations attributed to her as to the extent and value of the property, the fact remains that she advised him in effect not to rely upon those statements, but to seek information for his guidance from other sources, which she pointed out, where accurate and reliable information could be obtained. In addition to this, is the fact that the deed which he executed contains the description of more than fifty tracts or parcels of real estate, and this deed was carefully read over to him before he signed it. Some of the descriptions in the deed were of lands, but much the greater number of them were of lots in the city of Le Mars and the town of Plymouth City. It is true, he was ignorant of our manner of describing real property, but it seems to us impossible that he did not know, when he executed the deed, that he was conveying other property than the two farms, or that he should have believed that they were the only property in which his father had an interest. · Surely a court of equity will not interfere, on this state of facts, to rescind an executed agreement.

If plaintiff's attorney was deceived ·or misled by the information communicated to him, it was because he chose to accept the naked statement of the one he was dealing with, rather than seek reliable information from the sources pointed out to him, where it could have been obtained. It is the province of courts of equity to afford relief to those who have been overreached by the artifice or cunning or deceit of others; but where one voluntarily refuses to resort to the sources of information to which he is referred, but chooses rather to accept the statements of the person ·with whom he is dealing, as to matters material to the trade, he should be held to have acted on his own judgment, and no relief should

be granted him if it turns out that the statements were false.

The judgment of the circuit court is right, and it will be

AFFIRMED.