Determination of commissioners appealed from affirmed, with costs of this appeal to the respondent.

---

In the Matter of the Estate of FREDERICK LEDRICH, Deceased; CHARLES LANG, Petitioner, Appellant; CHARLOTTE SCHUMACHER, as Executrix, etc., of CONRAD SCHUMACHER, Deceased, Respondent.

*Conveyance, by the equitable owner, of an interest in a decedent's estate — when valid, although made to a trustee holding the legal title.*

The equitable owner, under a devise, of an interest in a testator's real estate and its proceeds, the legal title to which is in the testator's executor as testamentary trustee, with directions to sell and distribute the proceeds, has an interest in such real estate and its proceeeds which he can convey, by deed, to the executor, and thereby estop himself from claiming any further interest in the testator's estate, and thus lose the right to be cited to attend, or to compel, a subsequent accounting by the executor concerning such real estate or its proceeds.

If the realty devised to an executor, in trust, with directions to sell and to distribute the proceeds, is to be deemed equitably converted into personal property, it may still be so conveyed by the equitable owner, as there is no rule that prevents the transfer of personal property by deed.

A trustee will not be permitted to take advantage of his *cestui que trust;* but where the *cestui que trust* is of full age, and stands upon an even footing with the trustee, he may settle with the trustee for a consideration, and either release or convey his interest in the trust estate to the trustee.

APPEAL by the petitioner, Charles Lang, from a decree of the Surrogate's Court of Erie county, entered in the office of said Surrogate's Court on the 5th day of January, 1892, dismissing his petition and the proceedings instituted thereon to compel Charlotte Schumacher, as executrix of the last will and testament of Conrad Schumacher, deceased, who was the executor of the last will and testament of Frederick Ledrich, deceased, to pay a legacy to the petitioner, and to account for the proceedings of Conrad Schumacher as such executor.

On the 17th day of November, 1857, the last will and testament of Frederick Ledrich, deceased, was proved and admitted to probate by the surrogate of the county of Erie, and letters testamentary thereon were issued to Conrad Schumacher. The will provides as follows :

"*First.* I order and direct that all my just debts and my funeral expenses be paid by my executor, hereinafter named, as soon after my decease as conveniently may be.

"*Second,* I give and devise all my real and personal estate of what nature or kind soever to Conrad Schumacher, the executor of this my last will and testament, hereinafter nominated and appointed, in trust for the payment of my just debts and the legacies above specified, with power to sell and dispose of the same at public or private sale at such time or times and upon such terms and in such manner as to him shall seem meet ; and until the sale of said real estate, to let the real estate for the best rents that can be procured, and the proceeds of such sale is to be divided equally between my children, share and share alike ; which said several legacies or sums of money I direct and order to be paid to my sons Frederick and Louis within ten years after my decease, and to my other children, Salomea, Henry, Sophia, Philip and Charlotte, when they have respectively arrived at the age of twenty-one years. On account of my two sons Frederick and Louis having forsaken me in my old age and sickness, I order and direct that the interest that may accrue on their shares be divided between the rest of my children in equal shares.

"*Third.* I give and devise to my wife, one cow, one cupboard, one clock, one bed and such other furniture as the law directs. or as a widow is entitled to.

"*Fourth and lastly.* I nominate and appoint Conrad Schumacher sole executor of this my last will and testament, hereby revoking all former and other wills by me made.

"In witness whereof I have hereunto set my hand and seal this first day of July, A. D., 1857."

In 1860 Salomea Lang, who was the wife of the appellant and one of the daughters of the testator, petitioned the surrogate for an accounting by Conrad Schumacher as such executor. But pending such proceedings she died, leaving a last will and testament which was admitted to probate February 5, 1861, in and by which she devised and bequeathed her estate to the appellant, her husband. The proceedings upon such accounting were continued and terminated in a decree of the Surrogate's Court, dated February 6, 1861, wherein Conrad Schumacher, as executor, was charged with the balance in his hand, $423.95, and was directed by such decree to apply the same towards the discharge of a mortgage upon the real estate left by the testator.

On the 20th day of December, 1862, Charles Lang, the appellant, conveyed all his estate, title and interest in the real estate left by the testator to Conrad Schumacher, in consideration of the sum, as mentioned in the deed, of $250.

In the year 1865 the real estate of the testator was sold by his executor. And subsequently, and in the year 1874, the proceeds thereof were distributed among the testator's children, with the exception of the share of Louis Ledrich.

On the 24th day of September, 1887, Conrad Schumacher executed his last will and testament, and shortly thereafter died. His will was admitted to probate on the 10th day of January, 1888, and letters thereon were issued to Charlotte Schumacher. In the month of April, 1890, Charlotte Schumacher, as executrix, petitioned the Surrogate's Court for a settlement of the accounts of Conrad Schumacher, as executor of the last will and testament of Frederick Ledrich. And in such petition stated that the only person interested in the settlement was Charles Lang; that on the 7th day of April, 1890, a citation was issued, directed to said Lang, requiring him to appear upon the settlement of the accounts of Conrad Schumacher, as executor. And such citation was served upon the said Lang, but nothing further appears to have been done thereon.

Subsequently, Willis C. Jacus, as administrator of Louis Ledrich, deceased, presented to the Surrogate's Court a petition for the judicial settlement of the accounts of Conrad Schumacher. And such proceedings were had thereon that a decree was entered by that court on the 9th day of March, 1891, finally settling such accounts. But the appellant Lang was not cited to appear, and did not appear in such proceedings.

The surrogate found as conclusions of law:

" *First.* That the said deed from Charles Lang of his interest in the farm belonging to the Ledrich estate, to Conrad Schumacher, is binding upon the said Lang, and operates as an absolute estoppel.

" *Second.* That more than six years having elapsed since the right to commence this proceeding accrued, the same is barred by the Statute of Limitations." And concluded by ordering the proceedings dismissed.

*August Becker,* for the appellant.

*Frederick Howard,* for the respondent.

HAIGHT, J.:

The decree of the surrogate of February 6, 1861, entered upon the accounting of the executor, finally settled and disposed of the personal estate of the testator. This was expressly conceded upon the argument, and such was doubtless the effect of the decree. That being so, there remained only the real estate and the rents, issues and proceeds thereof to be accounted for.

The first transaction after the settlement of the personal estate, disclosed by the record, is the deed of Charles Lang to Conrad Schumacher, dated December 20, 1862, in which Lang conveys all of his estate, title and interest in the real estate left by the testator. As the devisee and legatee of his deceased wife, he had become vested with all of the right, title and interest that she had in the estate of her deceased father. Under the will, Ledrich had given the real estate to Schumacher, the executor, but in trust, with power to sell the same and divide the proceeds equally among his children. The legal title was thus vested in the trustee. But he held it for the benefit of the children, and the proceeds belonged to them. They were the equitable owners. Lang, being one of such equitable

owners, and entitled to a share of the proceeds, executed the deed in question. In it he undertook to convey all his estate, title and interest. It is contended that he was not the owner, and, therefore, he conveyed nothing. True, he was not the legal owner, but, as we have shown, he was the equitable owner, and had an interest in the proceeds, which he could convey or release.

Again, it is said that the will, devising the real estate of the executor with directions for it to be sold, worked an equitable conversion of the realty into personal property. Suppose this to be so. It is not, however, apparent how the rights of the parties would be changed. The children would still be the equitable owners entitled to the proceeds. And we know of no rule that prevents the transfer of personal property by deed.

We are aware of the doctrine that prohibits a trustee from dealing with trust property for his own benefit. He will not be permitted to take advantage of his *cestui que trust;* but where the *cestui que trust* is of full age, and stands upon an even footing with the trustee, we see no reason why he may not settle with the trustee for a consideration, and either release or convey his interest in the trust estate.

It appears to us that the appellant, by the deed to Schumacher, undertook to convey his interest in the estate to Schumacher for the consideration of $250, which sum he admitted was paid to him, and that, by reason thereof, he is now estopped from claiming any further interest in the estate.

Mrs. Schumacher petitioned the surrogate for a settlement of the accounts of Conrad Schumacher in April, 1890, and in such petition stated that Lang had an interest in such settlement. She, doubtless, then supposed him to be interested. But it is not apparent how her supposed interest of Lang in the estate can change or alter the effect of his deed.

These views render it unnecessary to consider the question raised under the Statute of Limitations.

The decree should be affirmed, with costs.

All concurred.

Decree of the surrogate of Erie county appealed from affirmed, with costs.