## HECTOR W.. HAIGHT, Respondent, *v.* CHARLES E. PEARSON, Appellant.

1. EXECUTORS.—PURCHASE OF AN HEIR'S INTEREST.—TRUST ESTATE. —2 Comp. Laws 1888, § 4196, provides, "no executor * * * must directly or indirectly purchase any property of the estate he represents, nor must he be interested in any sale." *Held,* that the statute is but declaratory of the rule in equity " that contracts in which a trustee both buys and sells to himself, are void," and that the purchase of an heir's interest in an estate by the executor is not within the letter or spirit of the statute or equitable rule, since the heir's interest is not a part of the trust estate nor within the control of the executor.

2. ID.—ID.—ID.—ATTORNEY AND CLIENT.—CONSTRUCTIVE TRUST.— 2 Comp. Laws 1888, § 2831, provides, "no estate or interest in real property other than leases for a term not exceeding one year, nor any trust or power over or concerning it, or in any manner relating thereto can be created, granted, assigned, surrendered or declared otherwise than by operation of law or a conveyance in writing." Identically the same thing is found in section 3916. Section 3917 however, provides, "the preceding section must not be construed * * * to prevent any trust from arising or being extinguished by implication or operation of law." Plaintiff who was an heir and also

the executor of the estate of H., employed defendant, an attorney at law, whom he had been accustomed to employ professionally, to purchase for him the interest of plaintiff's brother, who was also an heir in the same estate. Defendant undertook the employment and purchased the brother's interest with his own money, telling him that he was acting and buying the interest for the plaintiff. The brother was willing to sell only to some one interested in the estate, "that is, to some other brother or sister." Plaintiff offered to reimburse defendant and to pay him a liberal commission for his services in the transaction. *Held*, that a constructive trust arose by operation of law; that defendant held the interest purchased for plaintiff and that plaintiff may compel him to deliver the title to the same and that the relation of attorney and client existed between the plaintiff and the defendant.

(No. 537.   Decided Jan. 30, 1895.   39 P. R. 479.)

APPEAL from the District Court of the Third Judicial District.   Hon. Charles S. Zane, *Judge*.

Action by Hector W. Haight against Charles E. Pearson to have an interest bought by defendant in the estate of which plaintiff was executor declared to be held in trust for plaintiff. From a judgment for plaintiff, defendant appeals.   *Affirmed*.

*Mr. T. J. Anderson* and *Mr. M. M. Kaighn*, for appellant.

A parol contract under § 3917, 2 Comp. Laws, is void. *Dung* v. *Parker*, 52 N. Y. 496; *Dunphy* v. *Ryan*, 116 U. S. 495; *Welch* v. *Wheplay*, 62 Mich. 15; *Reub* v. *Smith*, 61 Mich. 549; *Osborn* v. *Endicott*, 6 Cal. 154. The complaint fails to allege and the court fails to find that there was a contract in writing between plaintiff and defendant respecting the subject-matter of the suit, and hence, there was no valid contract. No estate in nor any trust relating to real estate can be created except by writing, and no

writing is alleged or found by the court to have existed, and no estate or trust was created. A resulting trust cannot be established by parol evidence where no part of the purchase money was paid by the person claiming to be the *cestui que trust.* Lewin on Trusts, vol. 1, p. 168; Story's Eq. Jur. § 1201*a*; 2 Sugden on Vend. and Pur. (9th ed.) 163; *Burden* v. *Sheridan,* 36 Ia. 125, and cases cited. The denial of the making of a contract puts the burden of proof upon the plaintiff to show that he had a valid written contract, else there was nothing for the court to enforce. *Dunphy* v. *Ryan, supra; Cozin* v. *Graham,* 2 Paige, 181; *Hasshagen* v. *Hasshagen,* 80 Cal. 518–9. The court failed and refused to make a finding on the issue raised by the answer that plaintiff was executor and had possession of all the real and personal property of the estate of which the share in controversy was a part. The failure of the court to find on a material issue, is reversible error. Hayne on New Trial & App. § 239–40–41; *Gould* v. *Stafford,* 77 Cal. 66; *Peirra* v. *Smith,* 79 Cal. 232; *Cassady* v. *Cassady,* 63 Cal. 352; *Christy* v. *Waterworks,* 84 Cal. 541; *Trawaso* v. *Tate,* 82 Cal. 170; *Ball* v. *Kehl,* 95 Cal. 606; *Spect* v. *Spect,* 88 Cal. 437; *Wells* v. *McGeogh,* 71 Wis. 196; *Blessing* v. *Sias,* 7 Mon. 103. The plaintiff as executor is the trustee of an express trust and cannot speculate out of his trust. *Marshall* v. *Carson,* 38 N. J. Eq. 250; *Van Epps* v. *Van Epps,* 9 Paige, 237.

*Mr. John M. Zane, Mr. A. B. Sawyer* and *Mr. Graham F. Putnam,* for respondent.

This is an appeal on the judgment roll alone. Appellant has incorporated into his abstract a motion made by him after judgment to amend and supplement the findings of fact and conclusions of law of the court. The motion is not part of the record, as it is not a part of the judg-

ment roll, not having been saved in any statement or bill
of exceptions.    Even if § 4196 of 2 Comp. Laws has the
force claimed for it and prohibits an executor from buy-
ing an interest in the estate, the purchase would not be
void but only voidable at the option of the *cestui que trust,*
and he alone, if any one, has the right to complain.
*Boyd* v. *Blankman,* 29 Cal. 20; *Ayres* v. *Jack,* 7 Utah,
249.    The trustee may purchase from his *cestui que trust*
if the transaction is fair in all respects.    The *cestui que
trust* is not here complaining that the transaction is
unfair.    Pearson, who conducted the transaction for plaint-
iff, only takes that position.    Trusts are divided into two
classes with respect to the manner of their creation.    (a)
Express, which are created by the direct language of the
parties and are within the statute of frauds.    (b) Implied,
which arise by implication of law, and are expressly
excepted from the operation of the statute of frauds by
its own language and by all the authorities.    2 Comp.
Laws 1888, §§ 2831, 2832, 3916, 3917; Bispham's Prin.
Eq. 138.    Implied trusts are of two kinds:    (a) Resulting,
which "result by operation or presumption of law from
certain acts or relations of parties from which an intention
to create a trust is supposed to exist."    (b) Constructive,
which "exist purely by construction of law without any
actual or supposed intention that a trust should be created,
but merely for the purpose of asserting rights of parties or
of frustrating fraud."  Bispham's Prin. Eq. 118.    The
facts in this case brings it within the class of constructive
trusts.    Defendant is an implied trustee for plaintiff on
account of the confidential relation of attorney and client
found to have existed between them.    Where the relation
between the parties is one of trust and confidence, and
where the party taking the advantage is not only the
trusted legal adviser, but the warm personal friend, it
would be a mockery of justice if the statute of frauds, or

any other statute or rule of law could be successfully
invoked to shield the wrongdoer. *Wood* v. *Rabe,* 96 N.
Y. 422; *Bryan* v. *McNaughton,* 16 Pac. Rep. (Kan.) 57;.
*Vallett* v. *Tedeus,* 122 Ill. 607; *Bohm* y. *Bohm,* 10 Pac.
Rep. (Cal.) 790; *Alaniz* v. *Casanave,* 91 Cal. 41; *Brison*
v. *Brison,* 75 Cal. 525; *Bowler* v. *Curler,* 26 Pac. Rep.
(Nev.) 226; *Moore* v. *Bracken,* 27 Ill. 23; 1 Story Eq.
Jur. pp. 313–316; Browne, Statute of Frauds, p. 104.

SMITH, J.:

The facts disclosed by the record are that plaintiff is the
executor of Hector C. Haight, and is one of his heirs;.
that Alma D. Haight was a brother of plaintiff, and also
an heir of Hector C. Haight; that the estate of Hector C.
Haight was in process of settlement in the probate court;.
that defendant, Charles E. Pearson, was an attorney at.
law, who had long been acquainted with plaintiff, and had
often been employed by him; that Alma D. Haight was.
desirous of selling his interest in his father's estate, but.
would only sell to some one interested in the estate,—that.
is, to some other brother or sister; that plaintiff employed.
the defendant to purchase the interest of Alma D. Haight,.
and defendant accepted this employment; that subsequently
defendant bought the interest of said Alma D. Haight, and
paid his own money therefor, but at the time of the pur-
chase, in order to induce Alma D. Haight to sell, the de-
fendant represented and said to him that he (defendant)
was buying the property for plaintiff; that in a short time
thereafter the plaintiff tendered defendant the amount of
the purchase price, together with ample compensation for
his services, but defendant refused to accept either sum,
and claimed that he personally owned the interest of Alma
D. Haight in the estate of Hector C. Haight, he having
taken the conveyance in his own name from Alma D.
Haight. The plaintiff brings this suit, claiming that de-

fendant holds the title to the interest of Alma D. Haight in trust for plaintiff. The defendant answered, and, after denying portions of the complaint, he set up that plaintiff was executor of the estate of Hector C. Haight, and incapable, for that reason, to purchase any interest in the estate. The court made findings substantially as stated above, but failed to find in the affirmative issue set up in the answer. Judgment was entered for the plaintiff as prayed, and defendant appeals on the judgment roll.

The first error assigned is that the court failed to find on the affirmative issue in the answer, as the fact therein alleged, to wit: "That plaintiff was the executor of Hector C. Haight, deceased, was admitted to be true on the argument. We have treated it as an established fact in the case, and shall decide the case on this assumption." Upon the facts so stated, the defendant raises two questions: *First.* The plaintiff was incapable of purchasing an interest in the estate, because he was executor. Being incompetent to purchase himself, he could not have another purchase in trust for him, and cannot, therefore, enforce any trust. *Second.* The defendant purchased with his own money; and while it is true that he agreed, both with plaintiff and the vendor, that he would purchase and hold for plaintiff, still this agreement was oral, and void under the statute of frauds. Upon the first point defendant relies on section 4196, p. 513, 2 Comp. Laws Utah, which provides: "No executor * * * must directly or indirectly, purchase any property of the estate he represents, nor must he be interested in any sale." This section was construed by this court in the case of *Ayres* v. *Jack,* 7 Utah, 249, 26 Pac. 300, where it was held, in substance, that sales under it were not void, but voidable only, when the purchase was the interest of an heir. We are of opinion that this statute simply declares, in the case of executors and administrators, that which was, long

before the statutes, a rule in equity, to wit: "that contracts in which a trustee both buys and sells to. himself are void." But a contract to purchase the interest of an heir in an estate by an executor does not come within the letter or spirit of either the statute or this equitable rule. The executor has no authority, as such, to sell the interest of an heir in the estate. Such interest is not in any sense property of the estate; it is the property of the heir, and he alone can sell it. Owing to the advantage that might be taken of heirs by executors or administrators, if we were called upon to pass upon such a sale where the heir was claiming that he had been overreached or wronged, we should scrutinize the matter, and, if unfair in its terms, would not hesitate to set such contract aside, but not because it was in violation of the statute cited. In other words, these sales by an heir to an executor are not within the statute at all. If they are fair in themselves, they should be upheld the same as other contracts.

Now, as to the second point made by appellant, he relies upon the provisions of section 2831 of the Compiled Laws, which provides: "No estate or interest in real property, other than leases for a term, not exceeding one year, nor any trust or power, over or concerning it, or in any manner relating thereto, can be created, granted, assigned, surrendered or declared, otherwise than by operation of law, or a conveyance in writing," etc. Identically the same language is found in section 3916. Section 3917 provides: "The preceding section must not be construed * * * to prevent any trust from arising or being extinguished by implication or operation of law," etc. It is conceded by respondent that his only claim is that there is in this case a trust by implication or operation of law; in other words, that the defendant, by his fraudulent conduct, has created a trust, as some authors term it, "*ex maleficio*," in favor of the plaintiff. . On behalf of

appellant it is contended that such trust by implication never arises except where the fraud of one party has produced a pecuniary loss to the other. In other words, that courts of equity will not sit to declare a trust against a litigant, simply because he· has lied. This suggestion has much apparent force; but when we come to investigate it, and apply the proper rule to the facts of this case, there is no real difficulty. The defendant was an attorney at law; one who was especially charged with the confidence of others, and who had been accustomed to accept employment from plaintiff, and in this matter accepted the employment of plaintiff, and agreed to perform the services desired, to wit, purchase this interest for plaintiff, from his brother, Alma D. Haight. It is not found that plaintiff paid him anything in advance, but he was bound to pay defendant for the services he might render, and it is found that he had tendered full compensation before bringing this suit. In addition to this, he was only able to buy from Alma D. Haight by representing that he was acting and buying for the plaintiff. Under these circumstances, we are of opinion that the plaintiff can compel him to deliver the title to the interest purchased, just as he agreed to.

Notwithstanding our statutes above cited, we hold that this case presents a trust arising constructively and by operation of law. Browne, St. Frauds, pp. 103, 104, speaking of this character of case, says: "Upon similar principles, if one falsely represent himself to be purchasing for another, and by that means * * * get the land at a cheaper rate, he shall be held a trustee for him in whose behalf he pretended to act. * * * If, on the other hand, the grant was made on the faith of a promise, and induced thereby, the breach of the promise is fraud, and, as such, has been made ground of equitable relief; and this doctrine has been extended to cover those cases where

the promise which induced the conveyance was to convey to a third person, who has been held to be thereby enabled to compel a conveyance to himself from the grantee." This rule is supported by the cases of *Cipperly* v. *Cipperly*, 4 Thomp. & C. 342, and *Faust* v. *Haas*, 73 Pa. St. 295. See, also, *Cook* v. *Cook*, 69 Pa. St. 443; *Dennis* v. *McCagg*, 32 Ill. 429; *Sweet* v. *Jacocks*, 6 Paige, 355,—in all of which cases an analogous rule is announced. We are more inclined to enforce this rule strictly against the defendant because he is an attorney at law. It is urged that the employment in this case was of such a character that his relations as attorney for plaintiff in no way affected it. We cannot agree to this. At the present day, in the various relations of business men, attorneys are consulted and employed in every transaction, and in none oftener than in superintending and in making purchases and sales of property for their clients. In this case it is expressly found that defendant was so employed, and that he acted pursuant to that employment. He disclosed his employment to the person from whom he purchased, and could only purchase on condition that he was buying for plaintiff. We think, under such circumstances, that it is a sound rule, both of law and morals, that requires defendant to do exactly what he agreed to do when he accepted the plaintiff's employment. We are of opinion that the judgment of the court below was right, and it is affirmed.

MERRITT, C. J., and BARTCH and KING, JJ., concur.