### JOHNSON v. JOHNSON et al.

No. 10366—Opinion Filed March 28, 1922.

(Syllabus.)

1. **Appeal and Error—Review—Findings in Equity Case.**

The rule is well settled by this court in a long line of decisions that in equitable actions the findings of the trial court will be sustained unless it appears they are clearly against the weight of the evidence.

2. **Executors and Administrators—Transactions with Heirs—Validity.**

Transactions between administrator and heir are not void, or even voidable, for that reason, and while they will be closely scrutinized by the court, yet where they are fair and equitable, they will be upheld.

Error from District Court, Lincoln County; Wm. M. Bowles, Assigned Judge.

Action by Sallie N. Johnson against W. L. Johnson and others to set aside conveyance of real estate. Judgment for defendants, and plaintiff brings error. Affirmed.

Rittenhouse & Rittenhouse, Foster & Feuquay, and Emery & Foster, for plaintiff in error.

W. L. Johnson and Erwin & Erwin, for defendants in error.

PER CURIAM. This is a suit in equity to set aside a conveyance of real estate for fraud growing out of the confidential relation of attorney and client and out of the relation of administrator and heir.

Henry B. Johnson died intestate in the latter part of the winter or early spring of 1912 and left surviving him as his sole heir his sister, Sallie N. Johnson, the plaintiff in error, plaintiff below, who was a resident of the state of Missouri, and who will hereafter be known as plaintiff, and defendants in error as defendants. At the time of his death Johnson was seized and possessed of a tract of land in Lincoln county, Okla., which is the subject-matter of this action, and which is fully described in plaintiff's petition. Soon after the death of Henry B. Johnson, the plaintiff came to Oklahoma that she might be advised as to the estate of her deceased brother and its condition. She visited the office of defendant, W. L. Johnson, an attorney of Chandler, Okla., and advised with him as to the course she should pursue. She wished to sell the land, and was advised by Mr. Johnson that administration was necessary in order to clear up the title, and he suggested to plaintiff that she qualify as administrator if she could make the required bond.

There being some difficulty about plaintiff making bond, it was finally suggested that defendant W. L. Johnson administer, which he did, and for which plaintiff agreed to pay him a fee of $25. The land was mortgaged to one Ross for the sum of $900, and the commission note was past due. The sole purpose of administration was to clear up the title so that plaintiff could sell the land. Plaintiff went to see the land, which was located some 25 or 30 miles from Chandler, and discussed its sale with a number of persons, among whom were bankers, real estate men, ministers, and so forth, but never received an offer for the land of more than $1,200.

She felt that she should receive more than this, and defendant W. L. Johnson, being aware of the fact that she wished to sell the land, suggested to Mr. A. A. Mascho that the land was for sale, and Mascho agreed to buy it at a price of $1,500. Defendant W. L. Johnson notified plaintiff that he had sold the land and for her to come down and close the matter up, which she did, she being then at Stroud, Okla., at the time the deal was closed. It was agreed by all parties that defendant Mary J. Johnson, the wife of defendant W. L. Johnson, might take a one-half interest in the property with Mascho; that the papers should be placed in escrow until title was cleared up, and that defendant W. L. Johnson should receive $50 as a commission for making the sale.

In October, next following this transaction, plaintiff brought this suit, and she testified twice in the case, once by deposition and once before the court, it being a non-jury action, and the substance of her

evidence is: That defendant W. L. Johnson, while acting as administrator and as her attorney, told her that Ross could foreclose the mortgage and that she had better take what she could get, and, relying upon this, she made the sale. She alleges that this was false, and the land was worth $3,500. A number of witnesses testified in the case as to the value of the land and valued it anywhere from $1,500 to $3,000. If there is no fraud, the question of adequacy or inadequacy of consideration does not arise, as the court cannot contract for the parties; but where the consideration is grossly inadequate, it is a factor, together with all the other facts and circumstances, to be looked to and considered by the court in determining the question of fraud.

The trial court made a special finding of fact at the request of both parties and found: First, that W. L. Johnson was the administrator of the estate of Henry B. Johnson, deceased, and that Sallie N. Johnson was the sole heir of said estate. Second, that W. L. Johnson was employed by Sallie N. Johnson to act as her counsel in the administration of said estate and also agent for her in the sale of the land. Third, that A. A. Mascho and Mary J. Johnson purchased the land in question from Sallie N. Johnson, and that the purchasing by Mary J. Johnson was in truth and in fact made for the benefit of W. L. Johnson, her husband. Fourth, that plaintiff received a fair and adequate consideration for said land, the same being the highest price obtainable at the time of purchase, and that Sallie N. Johnson was anxious to sell said property and was not deceived by the purchasers or imposed on by them, and no fraud was perpetrated on the plaintiff by the defendants, the transaction being open, notorious, and made in good faith—and concluded as a matter of law: First, that W. L. Johnson, as administrator, agent, and counsel of Sallie N. Johnson, was not precluded from purchasing the land in question, she being only an heir to the estate; second, that the transaction was fair and no fraud was perpetrated upon Sallie N. Johnson.

The allegations of plaintiff's petition challenge the very careful and thoughtful consideration of this court, and, upon a thorough and painstaking review of the record, we are of the opinion that the findings of the trial court are well supported by the evidence, and should not be disturbed.

The rule is well settled by this court in a long line of decisions that, in equitable actions, the findings of the trial court will be sustained unless it appears they are clearly against the weight of the evidence. Potter v. Ertel, 80 Okla. 67, 194 Pac. 201; Crump v. Lanham, 67 Oklahoma, 168 Pac. 43; Bruner v. Oswald, 72 Oklahoma, 178 Pac. 693; Rouss v. Crawford, 69 Oklahoma, 170 Pac. 688; DePriest v. Welch, 70 Oklahoma, 174 Pac. 261; Blackwell Oil & Gas Co. v. Whitesides, 71 Oklahoma, 174 Pac. 573; Elliott v. Bond, 72 Oklahoma, 176 Pac. 242.

Transactions between administrator and heir are not void, or even voidable, for that reason, and, while they will be closely scrutinzed by the court, yet, where they are fair and equitable, they will be upheld. The leading case on this subject in this state is Kelly v. Blackwell, 63 Okla. 231, 164 Pac. 103, where in an opinion by Mr. Justice Turner the court said:

"It is urged by defendant that the deed from Hampton Joel and Silen Joel, father and mother, and only heirs at law of Jim Joel, dated December 20, 1905, is void because, he says, the same was made, executed, and delivered by them to Blackwell as the result of a purchase from them by Blackwell while undischarged as administrator of Jim Joel. Not so. It being conceded that there were no debts against the estate, that the land was unrestricted, and that there was no fraud in the transaction and the consideration was adequate, the deed was good and passed the title of the father and mother— the only heirs of Jim Joel—to Blackwell."

In 18 Cyc. 349, the rule is announced as follows:

"While the purchase by an executor or administrator of real estate of his decedent or any interest therein from the widow, heirs, devisees, or others in interest is highly disfavored, the judicial disposition is usually to do no more than presume strongly against the validity of such a purchase and require the fiduciary to show affirmatively adequacy of consideration and the general fairness of the transaction, and if the transaction is in good faith and without fraud it may be treated as a similar transaction between strangers would be."

In further support of this rule there is cited Haight v. Pearson, 11 Utah, 51, 39 Pac. 479; Barker v. Barker, 14 Wis. 142; Carter et al. v. Lee, 51 Ind. 292; Herron v. Herron, 71 Iowa, 428, 32 N. W. 407; Taylor v. Taylor, 259 Ill. 524, 102 N. E. 1086; Wright v. Arnold, 14 B. Mon. (Ky.) 638, 61 Am. Dec. 172; State ex rel. Jones v. Jones, 53 Mo. App. 207; Golson v. Dunlap, 73 Cal. 157, 14 Pac. 576; Matter of Ledrich, 68 Hun. 396, 22 N. Y. Supp. 978; 22 Cent. Digest, sec. 922. The same rule applies as between attorney and client. In 6 Corpus Juris, 687, the rule is stated as follows:

"There is no necessary incapacity for dealing between client and attorney, and although

transactions between them will be closely scrutinized, yet those which are obviously fair and just will be upheld. To entitle the client to relief from a contract or agreement entered into with his attorney it must be shown that the client has suffered some injury through an abuse of confidence on the part of the attorney. To show merely that the relation of client and attorney existed, and that during the subsistence of the relation the parties entered into a contract, without showing that the client was induced thereto by an abuse of confidence by the attorney, is not enough. Moreover, in order to enforce his rights he must make timely application."

In the case of Ah Foe v. Bennett (Ore.) 58 Pac. 508, the court in a very clear and concise statement of the law says:

"An assignment by a client to his attorney of his interest in a decree of foreclosure will not be set aside and the client allowed to recover the value of the real estate which his attorney procured under a decree and sold, where the evidence shows that the conduct of the attorney in securing the assignment was characterized by perfect fairness. although, owing to particular demand for the land, he was enabled to sell it shortly after the assignment for considerable advance over the price paid."

See Davis v. Stith (Ky. App.) 11 S. W. 810; Mitchell v. Colby et al. (Iowa) 63 N. W. 769; Norrison v. Smith (Ill.) 23 N. E. 241; Bank v. Keeler, 109 Ill. 385; Lewis v. Holm (Colo.) 90 Pac. 97; Elmore v. Johnson, 143 Ill. 513.

The judgment of the trial court is affirmed, and the cause remanded to the district court of Lincoln county, with instructions to dismiss.