BAKER et al. v. FINNELL et al.

No. 35114. Feb. 24, 1953.

*253 P. 2d 1064.*

---

F. E. Riddle and A. C. Elliott, Tulsa, for plaintiffs in error.

Bassman & Gordon, Claremore, and John R. Woodard, Tulsa, for defendants in error.

WILLIAMS, J. For convenience, the parties to this appeal are referred to as in the trial court.

In 1928, Bertie Weaver, a widow, purchased 160 acres of land in Rogers county, which, together with certain real estate in the city of Tulsa, is the property involved in this action. She immediately thereafter moved onto the 160 acres with Charles Finnell, and they lived there the rest of their lives. There is some controversy as to whether they became common-law husband and wife, but a determination of that question is not necessary in this case. They were married in a ceremonial marriage in 1941. Bertie Finnell (formerly Weaver) died intestate in 1948, and Charles Finnell was appointed administrator of her estate, in the county court of Rogers county.

Bertie Finnell's heirs were her husband, three brothers, one sister, and a niece and nephew. All of the heirs mentioned, except one brother, and her husband, were plaintiffs in the action in the lower court and prosecute this appeal.

In July, 1948, plaintiffs herein hired attorney Jack E. Gordon to represent them in protecting whatever interests they might have in the estate of Bertie Finnell. Mr. G. Raymond Bassman was attorney for Charles Finnell, administrator. Mr. Gordon and Mr. Bassman are both defendants in the case at bar.

After a thorough and diligent investigation, Mr. Gordon concluded that his clients collectively should inherit a one-half interest in the property above mentioned, plus a small amount of rent on the Tulsa property. He discussed the claim with Mr. Bassman, and after negotiations extending over 8 or 9 months Mr. Finnell recognized the claim of Mr. Gordon's clients, and agreed to and did purchase their one-half interest in the property since they desired an immediate cash settlement. In the meantime, Mr. Gordon has succeeded in getting Mr. Finnell and Mr. Bassman to agree to add 12½ per cent to the appraised value of the 160 acres in computing the cash value of the interest of his clients; parties also considered various claims against the estate, mortgages outstanding, court costs, attorney fees, funeral expenses, etc., all of which appear to be reasonable and bona fide charges against the estate of Bertie Finnell, deceased. Mr. Gordon also testified that he considered the fact that the 160 acres was the homestead of Charles Finnell, and that Mr. Finnell could retain possession for the rest of his life, if he should so elect.

Pursuant to the agreement, all of Mr. Gordons' clients conveyed to Mr. Finnell by assignments and deeds, all of their interests in the estate of Bertie Finnell, deceased, and were paid therefor.

In March, 1949, Charles Finnell died. Immediately thereafter, his brother, R. B. Finnell, was appointed successor-administrator of the estate of Bertie Finnell, deceased, and also executor of the estate of Charles Finnell, deceased. In

August, 1949, the Order Approving Final Account, Decreeing Heirship, Decreeing Distribution, and Discharging Administrator was filed in the county court of Rogers county in the case of the estate of Bertie Finnell, deceased. Said order has become final. It decreed that the property concerned in the case at bar descended one-half to Mr. Charles Finnell and the other half to the collateral kindred of Bertie Finnell above mentioned. In October, 1949, plaintiffs instituted the action from the judgment in which this appeal is taken, in the district court of Tulsa county. Defendants herein are attorneys Gordon and Bassman; the heirs of Charles Finnell; the executor of the estate of Charles Finnell, deceased; and other named defendants not identified in the record.

Defendants filed a motion to make more definite and certain, asking that plaintiffs be required to attach to their petition copies of all instruments they wanted canceled. Pursuant to the order sustaining said motion, to which no exception was made, plaintiffs filed copies of the assignments and deeds above mentioned. As grounds for cancellation of said instruments, plaintiffs alleged that attorneys Gordon and Bassman, acting in concert, practiced fraud and deceit in the procurement of the assignments and deeds, and that Charles Finnell, as administrator of his deceased wife's estate, was precluded by 58 O.S. 1951 §496 from purchasing the interests of the other heirs. The petition also contained a prayer for damages, but since there is no evidence of any kind in the record touching this issue, it is assumed that plaintiffs abandoned such claim.

The trial court denied plaintiffs the relief prayed for; motion for new trial was considered and overruled, and plaintiffs have appealed to this court as provided by law.

The two questions for our determination are:

(1) Were defendants Gordon and Bassman guilty of fraud in the procurement of such assignments and deeds?

(2) Was Charles Finnell, administrator of the estate of Bertie Finnell, precluded by the terms of 58 O.S. 1951 §496 from purchasing the interests of the other heirs of Bertie Finnell?

With reference to such first question, the findings of the trial court include the following:

"That plaintiffs employed Jack Gordon, an attorney, to represent them, and that he made an investigation. That thereafter at armslength dealings, in which no fraud nor concealment was practiced, nor unfair advantage taken, plaintiffs contracted to sell their share of Bertie Weaver Finnell's estate to Charles F. Finnell, for a price of . . . . which price I find under all the circumstances to be fair and thereafter plaintiffs executed deeds and bills of sale for same. Gordon was not Bassman's partner at the time and the dealing between Gordon and Bassman was carried on at armslength, each acting with fidelity for the interests of his own clients."

The charges against attorneys Gordon and Bassman were grave indeed, and we have given these charges careful consideration. A detailed examination of the record herein reveals that there was no misrepresentation by either attorney; that there was no concealment of material facts; that the price paid was fair and adequate, although the evidence was in dispute on this point; that no undue influence was exerted; and that they were not even considering becoming partners at the time complained of by plaintiffs. We conclude, therefore, that attorneys Gordon and Bassman acted with the highest fidelity toward their clients, and that there was no fraud in connection with the procurement of the assignments and deeds from plaintiffs herein; and that not only were the findings of the trial court not shown to be against the clear weight of the evidence, but that the overwhelming weight of the evidence sustains the findings of the trial court in that re-

gard. See Kliewer v. Bodenheimer, 199 Okla. 107, 184 P. 2d 456, wherein this court said:

"In an action of equitable cognizance the findings of the trial court should be sustained, unless it appears that its findings are clearly against the weight of the evidence."

See, also, Wahby v. Renegar, 199 Okla. 191, 185 P. 2d 184, and cases cited in Note 566 to 12 O.S.A. §952.

As to the second question, 58 O.S. 1951 §496 reads as follows:

"No executor or administrator must directly or indirectly purchase any property of the estate he represents, nor must he be interested in any sale."

Plaintiffs cite the cases mentioned below, among others, in support of their contention that the administrator, Charles Finnell, was precluded by the quoted section of the statute from purchasing the interests of the other heirs. However, they are all distinguishable from the case at bar for the reasons indicated: Burton v. Compton, 50 Okla. 365, 150 P. 1080, concerned ward's lands sold to the guardian's wife; Chastain v. Pender, 52 Okla. 133, 152 P. 833, concerned lands sold by an administrator to his wife at a private judicial sale; Frazier v. Jeakins, 64 Kan. 616, 68 P. 24, concerned ward's land sold to the guardian's husband; Crume v. Rivers, 178 Okla. 363, 61 P. 2d 862, concerned transfer of a ward's promissory note and mortgage to the guardian's wife.

Plaintiffs are apparently proceeding under the general rule that a trustee cannot acquire an interest in the properties of his cestui que trust. We are of the opinion, however, that the controlling rule in this case is that announced in 21 Am. Jur., Executors and Administrators, §632, which says in part:

"As a general rule, the purchase by an executor or administrator of an interest of a legatee, devisee, or distributee in an estate who is sui juris and laboring under no disability will be upheld where all the circumstances of the transaction are fair and open and no advantage is taken of the legatee, devisee, or distributee by concealment, misrepresentation, or omission to state any important fact, or by the exercise of undue influence, and he understands the nature of the transaction."

In Wiggins v. Wiggins, 176 Okla. 221, 55 P. 2d 119, this court said (Syllabus 2):

"A person acting as administrator may purchase the interest of an heir in such estate when the heir is sui juris and laboring under no disability and where no undue influence is exerted and all circumstances of the transaction are fair and open and no advantage is taken of such heir by concealment, misrepresentation, or omission to state any important fact. In such cases, however, the court looks upon such transactions with a jealous eye, and will not uphold them unless it appears that such transactions are fair and there is no fraud or concealment. Dees v. Dees, 169 Okla. 598, 38 P. 2d, 508."

Dees v. Dees, cited above, contains an identical syllabus by the court. In Johnson v. Johnson, 85 Okla. 274, 206 P. 205, the court said (Syllabus 2):

"Transactions between administrator and heir are not void or even voidable for that reason, and, while they will be closely scrutinized by the court, yet where they are fair and equitable they will be upheld."

The leading Oklahoma case on this question is Kelly v. Blackwell, 63 Okla. 231, 164 P. 103. It contains an exhaustive treatment of this subject, including quotations from many other jurisdictions. Therein this court quoted from Haight v. Pearson, 11 Utah 51, 39 P. 479, as follows:

"But a contract to purchase the interest of an heir in an estate by an executor does not come within the letter or spirit of either the statute or this equitable rule. The executor has no authority, as such, to sell the interest of an heir in the estate. Such interest is not in any sense property of the estate; it is the property of the heir, and he alone can sell it. Owing to the advantage that might be taken of heirs by executors or administrators, if we were called upon to pass upon such a sale

where the heir was claiming that he had been overreached or wronged, we should scrutinize the matter, and, if unfair in its terms, would not hesitate to set such contract aside, but not because it was in violation of the statute cited. In other words, these sales by an heir to an executor are not within the statute at all. If they are fair in themselves, they should be upheld the same as other contracts."

The Utah statute referred to is almost identical to the quoted section of the Oklahoma statute.

We hold that Charles Finnell, administrator of the estate of Bertie Finnell, deceased, was not precluded by statute from purchasing the interests of the other heirs of said deceased in her estate. Since there was no fraud or deceit in the transactions surrounding the sale, the decision of the trial court was correct.

Judgment affirmed.

HALLEY, C.J., JOHNSON, V.C.J., and WELCH, CORN, DAVISON, O'-NEAL, and BLACKBIRD, JJ., concur.