### ROUSS v. CRAWFORD et al.

No. 8500—Opinion Filed Jan. 29, 1918.

(170 Pac. 688.)

1. **Fraudulent Conveyances — Voluntary Conveyances—Trust—Validity.**

A voluntary conveyance of real estate in trust for the use and benefit of a minor child of the grantor and his divorced wife, made at a time when the grantor is in good financial condition, will not be set aside by a creditors' bill brought by a creditor to whom the grantor was under no financial obligation at the time of the execution and recording of the deed.

2. **Appeal and Error—Question of Fact— Review.**

Facts in the instant case as shown in the opinion examined, and held that, the judgment not being clearly against the weight of the evidence, the refusal of the trial court to give the equitable relief prayed for will not be disturbed.

(Syllabus by Stewart, C.)

Error from District Court, McIntosh County; R. W. Higgins, Judge.

Action by Peter W. Rouss, doing business as Charles Broadway Rouss, against H. L. Crawford and D. M. Crawford. Judgment for defendants, and plaintiff brings error. Affirmed.

J. C. Wright, for plaintiff in error.

J. L. Skinner and J. Ross Bailey, for defendants in error.

Opinion by STEWART, C. The plaintiff, Peter W. Rouss, doing business as Charles Broadway Rouss, brought action in the nature of a/ creditors' bill, seeking to have deeds conveying lands to H. L. Crawford set aside, the title to the lands decreed to be in D. M. Crawford, and such lands sold to satisfy a judgment against D. M. Crawford. The defendant answered, denying that D. M. Crawford had any interest in said land, or that the property was ever owned by him, and averred that the same was conveyed in trust to H. L. Crawford by Mrs. J. W. Williams, maternal grandmother of a minor child of the said D. M. Crawford for the use and benefit of such child, and the title was so held by said H. L. Crawford. The trial court found that D. M. Crawford had no interest in the property, and that H. L. Crawford had the legal title thereto for the purpose of the trust. The petition was denied, from which action of the court plaintiff duly appeals.

The only matters argued in the brief of the plaintiff relate to the sufficiency of the evidence to sustain the judgment. It is so well settled by this court as to need no citation of authorities that, in an equitable case, the judgment of the trial court will not be reversed for insufficiency of evidence, unless the judgment is clearly against the weight of evidence. There is evidence in this case which reasonably sustains the following facts, to wit, that the defendant, D. M. Crawford, married the daughter of Mr. and Mrs. J. M. Williams, who, at about the time of such marriage, furnished the newly married couple with about $20,000 with which to engage in business; that said defendant engaged in the banking business at Hanna, Okla., and from time to time his mother-in-law furnished him other money; that the real estate involved was purchased with such funds; that a son was born, and after the birth of the child, domestic troubles arose; that the wife brought various suits for divorce, which suits the defendant D. M. Crawford in turn successfully resisted, his wife, however, finally procuring a divorce at Reno, Nev.; that prior to being divorced written stipulation was signed, by the terms of which the defendant was to have the custody of the child, the parents of the wife, however,

being allowed to keep the child temporarily, and the land involved was conveyed to Mrs. Williams, who afterwards, at the request of D. M. Crawford, conveyed the property to defendant H. L. Crawford, the father of D. M .Crawford, to be held for the use and benefit of said child; that after such conveyance the defendant H. L. Crawford assumed control of such property, looking after the same through agents and paying taxes thereon; that shortly after the property was conveyed and deed recorded, D. M. Crawford wrote a letter to the plaintiff, asking for a line of credit, stating that he and his father desired to engage in mercantile business: that his father owned valuable property in Hanna, and was otherwise wealthy. After investigation, the plaintiff shipped goods to D. M. Crawford, at first shipping the same in his name, but later making shipments in the name of H. L. Crawford, the goods being shipped at various times and aggregating in value about $25,000; that in June, 1913, the plaintiff, in a suit brought against D. M. Crawford and H. L. Crawford for an unpaid balance of about $2,500, obtained judgment against D. M. Crawford, but not against H. L. Crawford, it appearing that H. L. Crawford had never authorized any goods to be shipped to him or in his name, and, being at all times a resident of the state of Missouri, knew nothing of such shipments being made. There was evidence to show that, at the time of the making of the deed by defendant D. M. Crawford and wife to Mrs. J. W. Williams, the defendant D. M. Crawford was worth $25,000 or $30,000, and was but slightly indebted, not being indebted to the plaintiff in any sum and not having, previous to such time, had any business dealings with the plaintiff; the business dealings between the plaintiff and defendant D. M. Crawford all being after the executing and recording of the deed made to H. L. Crawford.

From a careful consideration of all the testimony we believe that the holding of the trial court is fully supported. It cannot be said that the judgment is clearly against the weight of the testimony. There is evidence tending to show that the property was purchased with the funds of Mrs. J. W. Williams, but if such was not the case, D. M. Crawford had the right, if he saw proper, to make a voluntary gift of the property, at the time the deeds were made, as the evidence shows that he was. at the time, in good financial condition. There is no evidence to show that the deeds were made in fraud of creditors. The deeds were on record before plaintiff extended full credit, and there was no pretense on the part of either of the Crawfords that D. M. Crawford owned the property at the time credit was extended by the plaintiff.

There being abundant evidence to sustain the action of the trial court, the judg-

ment is affirmed.

By the Court: It is so ordered.