**DEES v. DEES et ux.**

No. 23391.   Dec. 4, 1934.

Hume & Hume and Wm. McFadyen, for plaintiff in error.

Morris & Wilhite, for defendants in error.

OSBORN, J.   This action was filed in the district court of Caddo county by Thena Dees, hereinafter referred to as plaintiff, against Jess T. Dees and Bernice Dees, hereinafter referred to as defendants, to cancel a deed to real estate, on the ground of fraud, misrepresentation and a breach of fiduciary relation.   From a judgment in favor of defendants, plaintiff has appealed.

Plaintiff is the mother of Jess Dees, one of the defendants.   She was 74 years old at the time of the transaction involved herein, and is unable to read or write.

It is alleged that she is the owner of the north half of the southwest quarter of section 11, twp. 8 north, range 13 west, in Caddo county; that she acquired her title thereto as the only heir of Luther Earl Dees, her grandson, who died January 19, 1930. The defendant Jess Dees was appointed ad-

ministrator of the estate of Luther Earl Dees, deceased, and plaintiff alleges ·that she did not know that she was the only heir of said deceased, and that said defendant, by misrepresenting to her that it was necessary for her to sign some papers in order to secure money due her from said estate, procured her signature to an instrument which it later developed was a deed to the above-described property; that she did not know and was not informed that the paper was a deed, and would not have signed it if she had known what is was; that by reason of the false and fraudulent misrepresentation of defendant, and a breach of the fiduciary relation occupied as her son and trusted advisor, she is entitled to have said deed canceled and set aside.

Defendant alleges that Luther Earl Dees, the deceased, was born January 9, 1916; that his father and mother died, and one G. H. Dees was appointed his guardian, and thereafter, by decree of the county court, these defendants legally adopted Luther Earl Dees as their own son, and thereby became his legal parents; that the said Luther Earl Dees died intestate and without issue or brothers or sisters on January 24, 1930; that pursuant to notice duly given, the defendant Jess Dees was appointed administrator over said estate; it. is further alleged that these defendants filed a claim against said estate which was contested and finally approved for $1,238; that the estate consisted of the land above described, which was appraised at $5,500, and two shares of stock worth $50 each; that defendant Jess Dees was entitled to administrator's fees of $234.   It is further alleged that plaintiff was fully acquainted with all of the facts relating to the administration of the estate, and had testified in certain hearings in the probate court relating to plaintiff's contested claim, and with full knowledge of all the facts and circumstances, defendant agreed with said plaintiff that if she would execute the deed in question, said defendant would pay her claim against the estate in the sum of $160 for nursing deceased during his last illness, and would in addition pay her $100 which he already owed her.   That they went together to the First National Bank of Carnegie, and, in the ·presence of several bank officials, the transaction was fully explained to her, and the deed read and its contents carefully explained, after which she signed and acknowledged the instrument.

Plaintiff's testimony substantially supported the allegations of her petition.   Defendant testified that he explained the trans-

action to plaintiff and told her that if she executed the deed she would be divested of all interest in the property, and that she gave her assent to such proposition, stating that since defendant and his wife had cared for the boy, they were entitled to the property, and that all she wanted was the money owed to her by the estate. This testimony was corroborated by James Dees, defendant's nephew, whom the trial court found to be a disinterested witness. The witnesses, Press Breckenridge, president of the bank, Fred Burch and Alfreda Mauk, employees of the bank, and James Dees, all testified they were present at the time the deed was executed and it was read to plaintiff and its contents explained, and that nothing was said or done at the time to indicate that the transaction was unsatisfactory to plaintiff. The date of the deed was January 31, 1931. The two defendants testified that sometime during the month of March following, plaintiff came to their home, and expressed some dissatisfaction with the transaction and said that she had changed her mind, and had decided to keep the land for herself.

After reviewing the above testimony, the trial court found in favor of defendants and entered judgment quieting title in them to the property in question. We are therefore called upon to determine whether the judgment of the trial court is against the clear weight of the evidence.

We here call attention to the rule by which the testimony in this case must be weighed. In the case of Hutson v. McConnell, Adm'r, 139 Okla. 240, 281 P. 760, it is said:

"An administrator may purchase the interest of an heir in such estate where the heir is sui juris and laboring under no disability and where no undue influence is asserted and all circumstances of the transaction are fair and open and no advantage is taken of such heir by concealment, misrepresentation, or omission to state any important fact. In such cases, however, the courts look upon such transactions with a jealous eye and will not uphold them unless it appears that such sales are fair and there is no fraud or concealment."

See, also, Johnson v. Johnson, 85 Okla. 274, 206 P. 205; Kelly v. Blackwell, 63 Okla. 231, 164 P. 103; 12 R. C. L. 233-236; 11 R. C. L. 365.

On the issue of fraud and concealment, plaintiff's testimony is controverted by the testimony of five witnesses. We cannot say that the judgment of the trial court in this regard is contrary to the clear weight of the evidence.

In view of the careful scrutiny applied by the courts to transactions of this nature, we deem it proper to consider the adequacy of the consideration for the transfer. It is admitted that defendant held an approved claim against the estate for $1,238; that he was entitled to an administrator's fee of $234; that he paid attorney's fees and court costs approximating $275; that he paid to plaintiff $160 owed to her by the estate, making a total of $1,907. In addition thereto, defendants urge that in taking said deed they renounced their right to inherit the above property as the foster parents of deceased. Plaintiff takes the position that they had no right to inherit, and that they therefore renounced nothing. This question involves an interpretation of section 1713, O. S. 1931 (8055, C. O. S. 1921), which is as follows:

"The parents by adoption and their heirs shall take by descent, from any child adopted under the laws of this state for the adoption of children, and the descendants and husband or wife, of such child, only such property as he has taken from or through the adopting parents or either of them, either by gift, bequest, devise or descent, with the accumulations, income and profits thereof, and all laws of descent and rules of inheritance shall apply to and govern the descent of any such property, in the same manner as if the child were the natural child of such parents.; but the parents by adoption and their heirs shall not inherit any property which such child may take or have taken by gift, bequest, devise or descent from his kindred by blood."

It appears that Luther Earl Dees was the beneficiary of a life insurance policy on the life of his parents, and from such source received $2,000 at their death. In addition he received an agricultural lease, which was later operated by his guardian, and subsequently sold. With the funds procured from both sources, the guardian purchased the land involved in this action. Defendants argue that the land was not taken by gift, bequest, devise, or descent from the kindred by blood of deceased, but, since it was acquired after the death of such kindred, the latter portion of the above statute has no application, and under the other provisions of the statute they inherit in the same manner as if they were the natural parents of deceased. Plaintiff contends that the statute bars them from inheriting the property, since the land was acquired with funds procured by gift, devise, bequest, or descent from blood kindred of deceased. A determination of this issue would require a construction of these technical words as they apply to the situation created here. We do

not find it necessary to make such determination in this case, since it appears that defendants have a claim of inheritance sufficient to create a controversial issue, which would require a judicial determination, if it were not waived.

In considering the respective equities of the parties, it is not improper to call attention to another circumstance which tends to support the finding and judgment of the trial court. Deceased, at the age of ten years, was adopted by defendants. For four and one-half years they furnished him a home and assumed the duties and responsibilities of parents toward him. Through the process of adoption he became their heir. No complaint is made that they failed to properly and faithfully discharge toward him the duty and obligation of parents. We assume, therefore, that such duties were properly discharged. The evidence indicates that this factor was considered in coming to the agreement in question, as it should have been.

In considering the entire record, we are impressed that the trial court very carefully and considerately weighed the testimony in determining the equities of the parties, and that his conclusion is not against the clear weight of the evidence.

The judgment is affirmed.

SWINDALL, ANDREWS, McNEILL, and WELCH, JJ., concur. RILEY, C. J., CULLISON, V. C. J., and BAYLESS and BUSBY, JJ., absent.