### WIGGINS et al. v. WIGGINS.

No. 23725. March 3, 1936.

PER CURIAM. This is an appeal from the district court of Woodward county. The action was instituted by Margaret Wiggins, as plaintiff, against Edward S. Wiggins, Carrie N. Jones, and Southland Life Insurance Company, as defendants, for the cancellation of certain instruments, the vacating of certain gifts and transfers, and for other equitable relief.

The plaintiff alleged in her petition that the defendant Edward S. Wiggins was her brother; that Lizzie Wiggins was the mother, and Edward S. Wiggins, Sr., was the father of plaintiff and said defendant; that their father died intestate about 1910 leaving an estate of around $80,000; that Lizzie Wiggins was appointed administratrix of said estate and took complete charge and control thereof and continued in possession of all the property of said estate until her death in March, 1930; that the administration of the estate of Edward S. Wiggins, Sr., was never completed and no distribution had thereof; that the plaintiff and said defendant were the sole heirs at law of both Edward S. Wiggins, Sr., and Lizzie Wiggins; that the defendant had ingratiated himself into the favor of the mother of the parties and had prevailed upon her just prior to her death to convey to him valuable real estate and other property belonging to the estate of Edward S. Wiggins, Sr., deceased, which transfers, conveyances, and gifts were without consideration and in fraud of the rights of the plaintiff as an heir at law of the said Edward S. Wiggins, Sr.'s, estate; that defendant had mortgaged the real estate so conveyed to his codefendant, Carrie N. Jones, and that she was claiming a lien thereon; that the defendant Southland Life Insurance Company was about to transfer certain stock on its books to the defendant Edward S. Wiggins, in violation of plaintiff's rights, and concluded with a prayer for the cancellation of said instruments and the quieting of her title in all of her said property, and for the appointment of a receiver pendente lite and other equitable relief. The Southland Life Insurance Company, by its answer, asserted that it was a mere stakeholder and averred its willingness to proceed as directed by the court. The defendant Carrie N. Jones, in her answer, admitted that she was claiming a lien on the real estate described in plaintiff's petition by reason of a mortgage given by her codefendant, Edward S. Wiggins, alleged that this lien was for money advanced to pay taxes on property belonging to the Edward S. Wiggins, Sr., estate, and asked that her lien be protected. The defendant Edward S. Wiggins, in his an-

Nowlin, Spielman & Thomas and A. W. Billings, for plaintiffs in error.

A. Gray Gilmer and George M. Callihan, for defendant in error.

swer, admitted the relation existing between him and the plaintiff, the execution of the deed described in plaintiff's petition as well as the conveyances and transfers therein set forth, but denied any fraud or undue influence in their procurement, and alleged that the same were made to equalize his share in his father's estate, and further pleaded that his grantor had previously acquired all of the interest of the plaintiff in and to the Edward S. Wiggins, Sr., estate, and that therefore plaintiff was estopped to claim any further interest therein. This answer also pleaded the acquirement by his grantor of the interest of all other heirs in the Edward S. Wiggins, Sr., estate, and requested that the plaintiff take nothing by her petition. Plaintiff, by way of reply, controverted the material allegations of said answer and admitted the execution of the release agreements pleaded therein, but alleged that they were without consideration and that any sums received by her thereunder were only a part of the amount which she was entitled to receive as an heir of Edward S. Wiggins, Sr. Trial of the cause was had in equity and from the findings of fact and decree of the chancellor in favor of the plaintiff, the defendants, Edward S. Wiggins and Carrie N. Jones, appealed. The parties will hereafter be referred to as they appeared in the trial court.

For reversal, the defendants assign 13 grounds of error which are submitted under five propositions wherein defendants assert:

"(1) Error in overruling demurrer to plaintiff's evidence.

"(2) Right of administratrix to purchase the interest of heirs with assets of the estate.

"(3) Validity of settlement between plaintiff and the administratrix of the estate of Edward S. Wiggins, Sr., deceased.

"(4) Right of defendants' grantor to convey her interest in the property involved.

"(5) That the findings of fact and judgment of the trial court are contrary to the evidence and the law."

As we have said in Barnett v. Love, 118 Okla. 31, 248 P. 645:

"1. In an action of purely equitable cognizance, this court is authorized to consider and weigh the evidence for the purpose of determining whether the findings of fact made by the trial court are clearly against the weight thereof, but, if such findings of fact are not clearly against the weight of the evidence, they are conclusive in this court.

"2. In such a case, where the conclusions of law, announced by the trial court as applied to the facts found, are in part correct and in part incorrect, and the decree thereafter rendered is in conformity to the incorrect conclusions of law, such decree will be modified."

We have therefore examined the record and all of the evidence considered by the trial court, and we are satisfied that the demurrer interposed by the defendant to the plaintiff's evidence was properly overruled under the authority of St. Louis-San Francisco Railway Co. v. Jamieson, 20 Okla. 654, 95 P. 417; Anoatubby v. Pennington, 46 Okla. 221, 148 P. 828; First State Bank of Addington v. Lattimer, 48 Okla. 104, 149 P. 1099; Young v. Smith, 171 Okla. 222, 41 P. (2d) 461; Miller v. Delameter, 171 Okla. 506, 43 P. (2d) 782.

The vital question presented for determination by this court is whether the settlement made in April, 1928, between the plaintiff and the administratrix of the estate of Edward S. Wiggins, Sr., was permissible, and if so, whether the same was made under such circumstances as to preclude the plaintiff from maintaining the action.

On an intestate's death, his heirs immediately become vested with his estate subject to the county court's control and the possession and management of the administrator. Seal v. Banes, 168 Okla. 550, 35 P. (2d) 704. An heir may sell and convey his interest in realty pending administration subject to the administrator's right of possession. In re Gentry's Estate, 158 Okla. 196, 13 P. (2d) 156. And as we have held in Dees v. Dees, 169 Okla. 598, 38 P. (2d) 508, wherein Mr. Justice Osborn, speaking for the court, said:

"Administrator may purchase heir's interest in estate where heir is sui juris, has no disability, and no undue influence is exerted, nor undue advantage taken of heir by concealment or misrepresentation."

In the above connection also see Hutson v. McConnell, Adm'r, 139 Okla. 240, 281 P. 760; Johnson v. Johnson, 85 Okla. 274, 206 P. 205; Kelly v. Blackwell, 63 Okla. 231, 164 P. 103. It will be observed that the rule announced in all of the above cases involves instances wherein the administrator has purchased the interest of an heir with his own funds. We have not had occasion to pass upon a situation where the administrator has purchased the interest of the heir of an estate with funds belonging to such estate. An examination of the authorities discloses that in some jurisdictions this is permissible, while in others it is expressly forbidden.

Where the purchase is permitted, the transaction must be shown to be fair, freely and voluntarily made, and the amount paid not disproportionate to the distributive share to which said heir is entitled. As said in Collier v. Collier, 137 Ga. 658, 74 S. E. 275, 1913A, Annotated Cases, 1110:

"* * * A contract between a legatee and executor, whereby the legatee receives certain property of the estate in severalty in consideration of his relinquishment of his interest in the estate, is not without consideration; but any disproportion between the value of the property received and the value of the interest relinquished may be considered in passing on the bona fides and fairness of the transaction."

In the above case the release and relinquishment was canceled and set aside when it appeared that the legatee had received approximately one-half of the amount to which he was entitled under the will. In Rauen v. Insurance Co., 129 Iowa, 725, 106 N. W. 198, it is held that the release of valuable rights for a grossly inadequate consideration is, in itself, an evidence of fraud.

The evidence in the case now before us leads us to conclude that the settlement between the plaintiff and the administratrix of the estate of Edward S. Wiggins, Sr., and on which the defendants rely, was not obtained under such circumstances as would preclude said heir from maintaining this action; it appearing that the administratrix of the Edward S. Wiggins, Sr., estate took the position that she could treat the property belonging to said estate as her own and refuse to give the plaintiff any information in regard thereto, she failed to comply with the statutory requirements of this state relative to the handling of said estate and to make distribution thereof; that plaintiff sought distribution at various times and was repulsed; that the administratrix sought to acquire plaintiff's interest in said estate for a nominal sum, and, finally, at the time the purported settlement was made in 1928, that it was due only to the insistence of the plaintiff and then without any knowledge on her part as to her just rights; that, in substance, the administratrix offered her a certain sum and advised that unless she accepted it she would not be paid any amount; that at the time the plaintiff was sick and in dire need of money, and also was entitled at that time to receive her full distributive share in her father's estate. Under these circumstances, it cannot be said that the so-called settlement was openly, freely, and understandingly made and was such as should preclude the plaintiff from maintaining this action. It appearing that the amount she received was disproportionate to the amount to which she was entitled at the time, and that the payments so made to the plaintiff were out of assets of the estate and were in effect merely a partial distribution of moneys and properties to which she was lawfully entitled, it follows, therefore, from what we have said, that since the purported settlement between the plaintiff and the administratrix of the estate of Edward S. Wiggins, Sr., deceased, was ineffectual to dispose of plaintiff's interest in said estate, that therefore the property remaining in the hands of the said administratrix constituted assets of the said Edward S. Wiggins, Sr.'s, estate, and that the attempted sale, conveyance, and transfer of any such assets by the administratrix without first obtaining proper order of the county court authorizing the same were void. See Jones v. Wheeler, 23 Okla. 771, 101 P. 1112; Farmers National Bank of Ponca City v. Cravens, 93 Okla. 58, 219 P. 138; Warner v. Mason, 109 Okla. 13, 234 P. 747.

Defendants next urge that, even though their prior contentions may not be well taken and the decision of this court be adverse to them thereon, nevertheless, they are entitled to have the findings of fact and conclusions of law of the trial court modified so as to decree that Lizzie Wiggins inherited an undivided one-third interest in the estate of Edward S. Wiggins, Sr., deceased, and that she could properly convey her interest in the same manner as any other heir. Since, as we have previously pointed out, any heir may convey his or her interest in an estate pending an administration, subject to the control of the county court and the possession of the administrator, we are of the opinion that the conveyances from Lizzie Wiggins to Edward S. Wiggins were valid in so far as they undertook to convey her interest in said property and no further, the extent of this interest being a question for the county court to determine in a proper proceeding. The findings and decree of the trial court will be modified to expressly so hold, under authority of Barnett v. Love, 118 Okla. 31, 248 P. 645.

As so modified, the decree of the trial court will be affirmed.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.