Stephen LANIE et al., Appellants,

v.

Paul LANIE, Individually, and Paul Lanie as Administrator with the Will Annexed of the Estate of William Lanie, Deceased, Appellee.

No. 43424.

Supreme Court of Oklahoma.

July 11, 1972.

D. W. Falkenberg, Medford, Wayne B. Snow, of Savage, Gibson, Benefield & Shelton, Oklahoma City, for appellants and cross-appellees.

Ellis Eddy, Medford, Charles C. Buhrman, Blackwell, for appellees and cross-appellants.

WILLIAMS, Justice.

This appeal involves the probate proceedings in the estate of William Lanie, deceased.

Mr. Lanie died in 1957 in Kansas, leaving a will disposing of his property, including a farm in Grant County, Oklahoma. In appropriate proceedings in Harper County, Kansas, and ancillary proceedings in Grant County, Oklahoma, his widow, Elizabeth Lanie, was appointed executrix of the will and the probate proceeded in routine fashion. The County Court of Grant County entered a "Decree of Settlement of Final Account, Determination of Heirship and Distribution of Estate" on December 9, 1957, from which no appeal was taken.

In that decree, the court ordered, among other things, "that the property and proceeds of said estate be, and are hereby, distributed as follows: As provided by the following provisions of decedent's will: * * *". The court then quoted in full four paragraphs from the will. Pertinent portions of those paragraphs which highlight the dispute which later led to this appeal are as follows:

"THIRD. After payment of the above obligations as above stated, I will, devise and bequeath to my wife Elizabeth S. Lanie, all of the rents, profits, emoluments and income from all the real estate I may own at the time of my death * * *.

"FOURTH. Upon the death of my wife * * *, then all of the rest, residue and remainder of my estate, including real estate, shall go to my children and grandchildren hereinafter named, to-wit: * * *" (naming seven children, one step daughter and three children of a deceased son).

"FIFTH. Should any of my said children above named, die prior to the death of my wife, leaving children, then the share that would have gone to such deceased child, shall go to and become the property of their children, then living, share and share alike. If any of the above children should die prior to the death of my wife, leaving no children, then the share that would have gone to

such deceased child, shall go to and become the property of my remaining children, grandchildren and step-daughter, share and share alike, per stirpes and not per capita.

"SIXTH. It is my further will and order that upon the death of my wife * * *, the Probate Judge of Harper County, Kansas, shall appoint three appraisers, who shall be citizens of Grant County, Oklahoma, to appraise [the Grant County farm], whereupon my son, Paul Lanie, shall have the exclusive option of purchasing said real estate for the amount placed thereon by said appraisers, to be paid to the persons named in paragraph Fourth above, according to their proportionate interests, after deducting his interest in said real estate, therefrom. It is my further will and order that upon proper proof of said payment being filed with the probate court of Harper County, Kansas, either by quit claim deeds from my other heirs, * *, canceled checks or proper receipts therefrom, same shall be sufficient evidence that said amount has been paid and my said son, Paul Lanie, shall thereupon be confirmed in his ownership of the said real estate above described, and the Probate Judge of Harper County, Kansas, shall thereupon submit a certified and authenticated statement of such payment to the County Court of Grant County, Oklahoma."

The widow had previously filed a formal election to take under the will. Some months after the entry of the above decree, she was formally discharged as executrix.

At the time of Mr. Lanie's death, his son, Paul Lanie, had been living on, and farming, the Grant County land for several years. After his father's death, he continued to farm the place as the tenant of his step-mother.

Mrs. Lanie died in August, 1967, and shortly thereafter Paul Lanie filed in the William Lanie probate case in Grant County a "Petition for Appointment of Administrator with Will Annexed." In this instrument he referred to the prior proceedings, alleged the death of his step-mother, and asked, in effect, that he be appointed administrator with the will annexed in order to carry out the terms of paragraph 6 of the will. Notice was given to the other heirs. Paul Lanie was appointed with no objections being made. Thereafter three appraisers were appointed by the Probate Judge of Harper County, Kansas, and they appraised the Grant County farm at $40,-000.00. Proper proof of the appointment and appraisal were filed in the County Court of Grant County. Paul Lanie then filed a formal election to take the farm at the appraised value.

On Jan. 4, 1968, Paul Lanie filed his "Final Account of Administrator with the Will Annexed, Petition for Confirmation of Election and for Decree of Distribution". In this instrument he recited, among other things, the appraisal and his election to take at the appraised value, and asked that the Grant County farm be distributed to him and that their shares of the purchase money be distributed to the other heirs as set out in the will.

Five of the other children and the three grandchildren then filed detailed objections to the approval of the final account. We shall notice the pertinent allegations in these objections in our later discussion of the arguments in the briefs of these parties, who are the appellants in the matter now before us. It is sufficient to note at this time that the objections did not include, either directly or indirectly, any allegations that Paul Lanie exerted "undue influence" in the appraisal of the realty.

After hearing, the county court refused to approve the appraisal and appointed new appraisers, with each side nominating one and the court naming a third. They appraised the land at $52,000.00. Paul Lanie then filed an election to take the land at the new appraised value and, after hearing further objections, that court entered a fi-

nal decree distributing the land to Paul Lanie and their shares of the purchase money to the other heirs in the proper proportions. The objectors then appealed to the district court where, after further hearings, judgment was entered affirming the decree and remanding the matter for such further proceedings as might be required. From the latter judgment, the objectors then appealed to this Court.

They first argue that since Paul Lanie was the administrator with the will annexed in the 1967 proceedings, he was precluded from exercising the option to purchase by the terms of 58 O.S.1971, § 496. That section provides that an administrator may not " * * * directly or indirectly, purchase any property of the estate he represents * * *".

It is said that § 496 is declaratory of the common law: Turner v. Kirkwood, U.S.C. C.A.Okl., 49 F.2d 590, cert. den. 284 U.S. 635, 52 S.Ct. 18, 76 L.Ed. 540; 77 A.L.R. 1525. In that case, which arose in Oklahoma, the court approved the purchase by an administrator of certain property of the estate at a public sale had pursuant to a mortgage foreclosure judgment. The court pointed out that the administrator did not induce or procure the foreclosure, that no act or omission of his brought it about, and that the estate was without funds with which to redeem the encumbered property. The court further said that the test of the applicability of the rule is whether there is a clash between the personal interests of the purchaser and his duties as administrator.

It is also said that the rule is not applicable where the sale to the administrator or executor is authorized by the will: 31 Am.Jur.2d Executors and Administrators, § 389; 33 C.J.S. Executors and Administrators § 288.

The reasoning in *Turner* is in accordance with the reasoning followed by this Court in several cases in which the purchase by an administrator of the interests of an heir or devisee was approved: see Baker v. Finnell, Okl., 253 P.2d 1064; Wiggins v. Wiggins, 176 Okl. 221, 55 P.2d 119; Hitt v. Hitt, Okl., 258 P.2d 599.

In the case now before us, we find no conflict between the personal interests of Paul Lanie as the purchaser and his duties as administrator with the will annexed. His primary duty as administrator was to carry out the unambiguous terms of paragraph 6 of the testator's will. He did not "induce or procure" the sale, he had no discretion as to whether to accept the purchase price offered, and, of course, there could have been no "redemption" of the property in this case, as there might have been in *Turner* if money had been available. We therefore hold that § 496 is no bar to his exercise of the option to purchase granted to him in the will.

In their second proposition, the objectors argue that, for several reasons, the county court was without jurisdiction in the subsequent proceedings in 1967. We find it unnecessary to consider these reasons separately because they were all based upon assumptions (1) that the decree entered in 1957 was final and conclusive, and (2) that all property rights vested at that time.

It may be conceded that the 1957 decree, in part, was couched in terms of finality and conclusiveness. However, an examination of that decree, which incorporated therein the provisions of decedent's will above set forth, discloses that it could not have been determined then who the beneficiaries would be upon termination of the life estate. The time to make this determination was upon termination of the life estate. Whoever the beneficiaries may have been, their proportionate share of the real property was subject to the exclusive right to purchase of Paul Lanie. If he exercised his right to purchase, the beneficiaries would take their proportionate share of the proceeds derived from Paul Lanie's purchase. If Paul Lanie did not

exercise his right to purchase, they would take their proportionate interest in the land. Since the beneficiaries could not have been determined at the time the 1957 decree was entered, and could only have been determined at the time of the termination of the life estate, the 1957 decree did not become final and conclusive as to that portion of the will sought to be probated in the proceeding from which the instant appeal arose.

An analogous situation was before this Court in In Re He-ah-to-me's Estate, Okl., 325 P.2d 746. In that case, we held in effect that property undistributed in an original "final" decree "could be treated as undiscovered property under Tit. 58, O.S.1951 sec. 692, authorizing further administration proceedings as to such property, despite the provisions of Tit. 58, O.S.1951 sec. 632, and Tit. 56, O.S.1953 Supp. sec. 692.1".

In *He-ah-to-me*, it was not held that the procedure there approved was exclusive. Four years later, in Long v. Drumright, Okl., 375 P.2d 953, we approved a resort to proceedings in district court under the statute now codified as 84 O.S.1971 Sec. 257, for the purpose of quieting title and determining heirs as to property undistributed in a "final" decree entered in the probate case twenty-six years earlier. (The will in that case, as in this one, prescribed a contingency which could not be determined until after the death of a life tenant). After taking note of the ruling in *He-ah-to-me*, the Court specifically held that the district court procedure under § 257 "is cumulative and in addition to the procedure in re-opening the probate proceeding for an administration de bonis non".

Under the rule stated in *He-ah-to-me*, as indirectly affirmed in *Long*, we hold that the 1957 decree was not final and conclusive and it was no bar to the subsequent administration proceedings in 1967.

■ Under this proposition, ·objectors also argue that the county court was without jurisdiction "to try title to real estate",

to order the sale of this real property" and "to construe a will so as to establish the right of a devisee to purchase realty".

The county court did none of these things. The 1967 proceeding was not in form or substance an action to quiet title; the court did not order the sale of the Grant County farm, but merely approved the actions of the administrator in carrying out the terms of paragraph 6 of the will; and there was no necessity for construing the will, for it was plain and unambiguous on its face.

■ Objectors also suggest that the judgment should be reversed because Paul Lanie did not literally comply with all of the terms of paragraph 6 in exercising his option. It is obvious, however, that no useful purpose would have been served by submitting quit-claim deeds, cancelled checks or receipts to the Probate Judge of Harper County, Kansas, and of course that official could not have "confirmed" Paul Lanie's title to real estate located in Oklahoma. Significantly, nowhere in the record and briefs before us do we find any dispute as to what the testator actually intended. He plainly meant for Paul Lanie to have the "exclusive option" to purchase the Grant County farm at the appraised value upon the death of the widow, and we do not agree that merely because, in some of its details, the method he prescribed for the exercise of the option may have been inappropriate, the testator's intention must fail. It is said that the primary duty of the courts in the construction of wills is to ascertain the intention of the testator as to the disposition of his property and, if legal, to carry it into effect. 57 Am.Jur. Wills, § 1121. Although no problem of construction is presented by the will now before us, the same duty existed in this case, and we hold that it was properly discharged. In effect, the county court properly treated the unnecessary and inappropriate provisions as to proof of payment to the Probate Judge of Harper County, Kansas, and

"confirmation" of title by him, as surplusage.

■ Objectors' last proposition is directed to the proceedings in the district court. They argue that the court erred in excluding certain evidence apparently designed to show that Paul Lanie exercised "undue influence" on the amount of the appraisal. It is conceded that the trial in the district court on appeal from the county court in a probate matter under the former procedure should be a trial de novo on questions of both law and fact (20 O.S.1961, § 275, now repealed). However, it is well settled that, since the jurisdiction of the district court in such case was appellate only, it then had jurisdiction to consider only those matters which had been in issue before the county court. Senter v. Senter, Okl., 420 P.2d 879; In re Chubbee's Estate, Okl., 326 P. 2d 1057.

■ We have carefully examined the written objections filed in the county court after the final account was filed in the 1967–1968 proceedings; the amended and supplemental objections filed in that court after the second appraisal; the "Motion for Judgment Notwithstanding the Verdict and Motion for New Trial"; and the separate motion for new trial filed in the district court after the 1968 decree. In none of these pleadings by objectors do we find an allegation that Paul Lanie exercised any kind of "undue influence", or fraud of any kind, in connection with either appraisal. The subject was not mentioned in the opening statement of the objectors in the district court. Also, since the objectors made no offer of proof, we are unable to say that the exclusion of the evidence offered was prejudicial. We hold that the evidence was properly excluded as not within the issues and therefore immaterial.

The judgment of the district court is affirmed.

All the Justices concur.