In the Matter of the **ESTATE** of **Inez K. GAYLORD**, Deceased.

**No. 48992.**

Supreme Court of Oklahoma.

June 15, 1976.

Rehearing Denied July 27, 1976.

McAfee, Taft, Mark, Bond, Rucks & Woodruff, a professional corp. by Reid E. Robison, John N. Hermes, Oklahoma City, for appellants.

Rainey, Wallace, Ross & Cooper by Hugh D. Rice, Oklahoma City, for appellee, Edward L. Gaylord, Executor of the Estate of Inez K. Gaylord, deceased.

Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick by Bruce H. Johnson, Allen D. Evans and Robert A. Reese, Oklahoma City, for Oklahoma Publishing Co.

DOOLIN, Justice.

Inez K. Gaylord died testate leaving a substantial estate, the major portion of which consists of 50,140 shares of common stock of the Oklahoma Publishing Company (OPUBCO) represented by voting trust certificates. The stock is subject to transfer restrictions of right of first refusal by OPUBCO if a shareholder attempts to sell his stock to someone other than another shareholder or his immediate family.

The named executor under the will is Edward L. Gaylord who is also president, director and majority stockholder of OPUBCO. Edward L. Gaylord (Executor) in order to pay over $2,000,000 estate taxes due and owing the federal and state governments, sought confirmation in the probate court of the sale of 10,000 shares of decedent's stock to First Oklahoma Bancorporation (Bancorp) for $200.00 per share. Prior to confirmation by the trial court, OPUBCO elected to exercise its right of first refusal and purchase the stock for the offered price and again Executor sought confirmation of this sale by the court.

Appellants herein, heirs of Mrs. Gaylord, have a 5⁄9 interest in the residuary estate from which the sale of stock is being made. They duly filed their objections in

the trial court to the confirmation of sale to OPUBCO, claiming the transaction would be a self-dealing one specifically prohibited by 58 O.S.1971 § 496 which provides:

> "No executor or administrator must directly or indirectly, purchase any property of the estate he represents, nor must he be interested in any sale."

The trial court confirmed the sale of the stock to OPUBCO over Appellant's objections. This is an interlocutory appeal from that order and is taken pursuant to 58 O.S. 1971 § 721 and 12 O.S.1971, Ch. 15, App. 2, Rule 1.60(g).

Appellants urge the sale by Executor to OPUBCO is a violation of the above mentioned statute because Executor has a definite interest in the transaction in that he is president and director of OPUBCO and as one of the trustees of the voting trust can vote 68.29% of the total outstanding stock. They contend it does not matter that the sale was bona fide and for a fair price[1] citing *Vaughan v. Vaughan,* 65 Okl. 1, 162 P. 1131 (1917). There the court held the inquiry is not whether there was fraud in fact since the statute is not intended to remedy actual wrong, but to prevent the possibility of it. Appellants argue the statute should be strictly construed regardless of the need of the estate for liquidity or contractual rights created by the transfer restrictions.

Executor counters this by suggesting this court has recognized exceptions to the statute and permitted an executor to acquire assets of the estate he represents in the absence of fraud and inadequacy of consideration. *Lanie v. Laine,* 499 P.2d 401 (Okl. 1972) this court held the statute was not a bar to administrator's exercise of an option to purchase property granted him in his father's will, where there was no conflict between his personal interests and his fiduciary duties and where he did not induce or procure sale. As administrator his duty was to carry out the terms of testator's will and thus he had no discretion as to whether to accept purchase price offered.

In *Mauch v. Mauch,* 486 P.2d 708 (Okl. 1971) an administratrix was not precluded from purchasing real estate belonging to the estate of her deceased husband in a partition sale. Since the partition sale was one over which she had no control as administratrix, there would be no reason to apply the statutory prohibition.

*Turner v. Kirkwood,* 49 F.2d 590 (10th Cir.1931) a case originating in Oklahoma, holds this statute does not prohibit an administrator from purchasing property of the estate in a foreclosure sale where his duties as administrator do not conflict with his personal interests.

In *Turner,* an agreement between a bank and the administrator provided the bank as agent of administrator should bid in the property at the foreclosure sale. Therefore in legal effect, executor would be purchaser of the stock sold therein. The court held the statute applies only to probate sales and not to a judicial sale caused by a third party where the administrator does not induce or procure such foreclosure. A fiduciary may purchase at a sale made by court decree and not by him without fraud or fault on his part but in good faith. "Actual injury is not the principle the law proceeds on in holding such transactions void. Fidelity in the agent is what is aimed at, and as a means of securing it, the law will not permit the agent to place himself in a situation in which he may be tempted by his own private interest to disregard that of his principal."[2]

"But the rule does not apply to cases where the reason for the rule, to wit, a conflict between the personal interests and fiduciary duties of the trustee, is absent."[3]

---

1. It is not contested that $200.00 per share is not a proper value to be placed on the stock.

2. *Turner v. Kirkwood* supra, at 595 quoting *People v. Township Board,* 11 Mich. 222.

3. *Turner v. Kirkwood* supra, at 595.

We have further held in *Dees v. Dees*, 169 Okl. 598, 38 P.2d 508 (1934) an administrator may purchase an *heir's* interest in an estate where the heir is under no disability and the transaction is fair and supported by adequate consideration.

■ Executor and OPUBCO submit these decisions are indicative of the law in Oklahoma as permitting § 496 to be *liberally* construed to allow exceptions. We agree exceptions have been permitted in the circumstances where the testator has expressly given an executor the right to purchase an interest in the estate. Also an exception has been granted allowing an executor to purchase an interest in the estate at a judicial sale where he has no part in procuring the sale and exercises no control over the price or terms of the sale. These cases indicate a transaction although falling under § 496 is not always void, but rather voidable at the discretion of the court if it finds the situation is not covered by an exception.

■ The present case does not come precisely within any of the above mentioned exceptions. This is a probate sale not a judicial sale as in *Turner v. Kirkwood* supra, and *Mauch v. Mauch* supra. There is no express provision in the will authorizing the sale as existed in *Lanie v. Lanie* supra. Executor would have us recognize an implied authority in him to sell the stock to OPUBCO because the will purposefully created a conflict by naming him as executor. The trial court found assets of Mrs. Gaylord's were basically the same at the time of execution of the will as at the time of her death. Consequently Executor submits it would have been apparent to her that her OPUBCO stock would have to be sold in order to pay expenses of probate and estate taxes. A maker of a will is presumed to have known of the statutory laws as were in existence at the time of her death. *In re Daniel's Estate*, 401 P.2d 493 (Okl.1965). Executor claims this implies an intention on the part

of Mrs. Gaylord to permit the contested sale to OPUBCO.

However this rule might create an inapposite result. Since Mrs. Gaylord is presumed to have known of the law in relation to § 496, if she had intended Executor to have the authority for this type of self-dealing she could have authorized it specifically in her will. She did not do so. We therefore conclude the transaction does not conform to any of the exceptions previously permitted by this court.

■ We find ourselves in the position, if we are to uphold the trial court of creating an additional exception to § 496. This exception would be based on contractual requirements imposed on the stock at the time of its acquisition. The death of a party does not extinguish a contract unless it is one for personal services. *Spurr v. Pryor and Stokes*, 104 Okl. 68, 230 P. 267 (1924). Thus Executor is bound by the restrictions impressed on the stock and can operate only within their limitations.

Of course alternatives to this sale are available to Executor as Appellants suggest. He could resign as Executor, borrow money to pay the taxes or as a director cause OPUBCO to refrain from exercising its right of first refusal. Whether these alternatives would be proper as in the best interests of the estate is not before us at this time. We must decide only if § 496 has application to this specific sale.

The two cited authorities with facts most closely resembling those in the present case are: *In re Flagg's Estate*, 365 Pa. 82, 73 A.2d 411 (1950) in support of Executor's view and *7-Up Bottling Company of Austin Inc. v. Capital National Bank in Austin*, 505 S.W.2d 624 (Tex.Civ.App.1974) offered by Appellants.

In *Flagg* a testamentary trust was created in a will, consisting of shares of stock in a family corporation, the controlling interest of which was vested in testator's son, one of the trustees. The stock was redeemed by the corporation over the

objections of the daughter who was the beneficiary of the trust, based on self-dealing by the executor. The will, although granting the son authority to purchase stock himself at the redemption price, did not specifically refer to the corporation's right to redeem the stock. The son claimed this implied a right to self-deal by selling estate's stock to the corporation. The court upheld the transaction stating the test of self-dealing is not the quantum of conflicting interests, but in the administration of the trust which is always subject to close scrutiny and control by the courts. The court further stated there is no distinction between express and implied power, where the power or duty to engage in self-dealing is evident from the will. It would not set aside a valid exercise of that power where the trustees had acted in good faith and practiced no fraud. Otherwise the court could have invalidated the transaction at its discretion.

*7-Up Bottling Company of Austin Inc. v. Capital National Bank in Austin* supra, came to the opposite conclusion. In this Texas case, the executor under a will was also an officer, a director and stockholder of the 7-Up Bottling Company. 7-Up had exercised an option to purchase testator's stock pursuant to a contract he had entered into prior to testator's demise. Following this action there was some dissatisfaction among the heirs as to the price offered the estate. In the suit that followed it was contended the option and sale were void because of the executor's duel relationship. The executor contended, as does Executor in the present case, that since the evidence did not indicate the price was less than book value and there was no evidence of fraud, overreaching or other inequitable conduct, the law prohibiting self-dealing did not apply to the exercise of an option acquired during testator's lifetime. The court, while acknowledging the argument to be persuasive and that perhaps it pointed "the way to a more equitable and practical

result,"[4] did not accept this view for the reason that section 352 of the Texas Probate Code specifically provided if any person interested in an estate filed a written complaint based on a self-dealing purchase by the executor, the sale would be declared *void*. The court further stated since the statute was clear and unambiguous and *did not provide for any exceptions*, the written complaint filed by legatees voided the transaction ab initio.

We are not fully persuaded either of these decisions is controlling here. Both are based on facts distinguishable from those before us today. In *Flagg* the sale was approved because the will implied authority of the executor to sell the stock to the corporation. Mrs. Gaylord's will shows neither an express nor an implied grant of power in the executor to sell to OPUBCO. Any authority for such sale emits from the contractual rights attached to the stock, not from the will.

The *7-Up* case held the transaction was improper because the statute it violated declares such transaction to be void if it is challenged and permits no exceptions. § 496 does not contain such a provision. To the contrary, our case law *creates* exceptions, indicating the present transaction is voidable only, justifying the probate court's approval if it believes facts indicate an exception to § 496 is proper. Thus our present case is of a different order.

■ The trial court found Mrs. Gaylord held her stock subject to the contractual prerogatives of right of first refusal, and that these rights were binding on her personal representative, heirs and legatees.. It further found the agreement between Executor and Bancorp to purchase the stock for $2,000,000 subject to confirmation by the probate court and OPUBCO's right of first refusal was bona fide. Testimony at trial is supportive of this finding and of Bancorp's claim it is still ready, willing and able to purchase said stock if the court so orders. There is no evidence of fraud

---

4. *7-Up Bottling Company of Austin v. Capital National Bank in Austin* supra at 627.

or inequitable conduct on the part of Executor. Although we do not agree with the trial court that the sale is not self-dealing, we do find that an exception to the application of the statute should be made under the facts and circumstances of this case.

It is certainly possible to debate the wisdom of permitting an executor to sell stock which is an asset of the estate to a corporation in which he has a controlling interest. As a general rule this type transaction is a self-dealing one in violation of § 496 and exceptions must be limited. However, in a case such as this where the sale of assets to a third party is thwarted as the result of the corporate exercise of a contractual right of first refusal, no fraud is involved and the price is equitable, we hold the trial court did not err in approving the sale.

AFFIRMED.

All the Justices concur.